# Wheeling.

## COFFMAN et al. v. GRIFFIN et al.

Decided November 20, 1880.

1. After a report in favor of a certain route for a county-road has been made by viewers, a day has been appointed by the court for the hearing of the parties, and a land-proprietor on that day appears and after hearing evidence the court orders the road or the route recommended by the viewers to be established, and the land proprietor asks a writ of *ad quod damnum*. On the return of this writ the case being then before the court for final determination the proprietor of the land offers a witness to prove that the road should not be established by showing that there is another route for the road than the one recommended by the viewers, which is both cheaper and better. The county court refuses to hear this evidence. The proprietor of the land cannot complain of this as an error in the Appellate Court. ·

2. If all the proceedings to establish a road before a county court are those required to establish a public as distinguished from a private road, and the order to establish the road is such an order as should be entered, when a public road is established, except that it orders one half of the land-damages to be paid by the applicant and the other half by the county, instead of ordering the whole land-damages to be paid by the county, this does not prevent the road established from being a public or render it doubtful whether it be a private or public road; and it is not an error of which the proprietor of the land has a right to complain in an Appellate Court.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Harrison, rendered on the 6th day of December, 1878, affirming an order of the county court of said county in the matter of a petition of certain citizens of said county to establish a road, granted upon the petition of John G. Coffman and others.

Hon A. Brooks Fleming, judge of the second judicial circuit, rendered the judgment complained of.

GREEN, PRESIDENT, furnishes the following statement of the case :

On June 19, 1875, ninety-five persons petitioned the County Court of Harrison to establish a certain road in said county passing through the land of John G. Coffman and others ; and thereupon the court on the motion of Joshua H. Griffin and Robert E. Harbert ordered Thomas Hawkin, James M. Lyon and Selden M. Ogden, who were appointed viewers for the purpose, to view and mark a way for a public road, as prayed for in this petition, and report certain things, the things to be reported being designated in the order, and being those things which are by the 35th section of chapter 194 of the Acts of 1872-3, to be reported, when a public road is asked to be established, the order specially stating that " the viewers may examine other routes or locations than that proposed, and report in favor of the one they prefer, with their reasons for the preference." Two of these viewers, Ogden and Hawkin, on February 9, 1875, made their report in favor of the route as proposed, and that the land taken of John G. Coffman was worth $54.00, and the damages to the residue of his tract was $96.00. They also estimated the damages to Hildreth and the value of his land taken ; but he appeared in court and waived any compensation or damages. A motion was made to quash this report for errors on its face ; but the court overruled the motion. But on the 19th of June, 1875, on the motion of John G. Coffman, the court set aside the order appointing the viewers, because the petition was not according to the statute, under which it was filed, and adjudged costs in his favor against Joshua H. Griffin and R. E. Harbert. But upon a writ of error granted at their instance the circuit court of Harrison on December 18, 1875, reversed this order of the county court and remanded the cause to the county court for further pro-

ceedings. On February 22, 1876, it made an order establishing the road as reported by these viewers, the applicants to pay to John G. Coffman the $150.00 damages assessed to him, and, he being unwilling to accept the same, on his motion a writ of *ad quod damnum* was awarded him, to be executed on March 15, 1876, which was done; but by consent of parties on June 22, 1876, the court set aside this verdict, and a new writ of *ad quod damnum* was awarded Coffman, to be executed July 25, 1876. This writ was accordingly executed; and the jury found, that $350.00 would be a fair compensation to said John G. Coffman in consequence of the construction and establishment of said road, and for damages to the residue of his said tract over and above the particular advantages to be derived from the construction of said road. Thereupon the court on the 23d day of December, 1876, entered this order:

"And at another day, to wit: At a county court held for the county of Harrison, on the 23d day of December, 1876, the inquest of the jury upon the writ of *ad quod damnum* issued in this case having been returned, this day came again the parties, by their attorneys, and the court having considered the report, inquest and other evidence adduced, doth order the said road to be established as viewed and marked by the viewers in said report; that of the ($345.00) damages aforesaid awarded by said jury, the applicants, Griffin & Harbert, pay to said Coffman $172.50 and the other half thereof be paid by the county; that the costs of this proceeding (except at the two terms when the same was continued at the cost of said Coffman) be paid out of the county treasury; that said Coffman pay the costs at the two terms when the same was continued on his motion; that upon the payment by said applicants of the said $172.50, the surveyor of the road, in whose precinct said road is located, open the same and keep it in repair."

Upon the trial of this cause the defendant excepted to the ruling of the court, and tendered his bill of excep-

tions, which is signed, sealed and made a part of the record.

The bill of exceptions referred to above is as follows, to wit:

### BILL OF EXCEPTIONS.

"*Be it remembered* That upon the return of the inquest of the jury impanelled on the 4th day of September, 1876, to assess the damages to the land owned by John G. Coffman, the petitioners for the road appeared on the 21st day of December, 1876, and offered evidence to the court to show the propriety of establishing the road asked for by the petitioners in said proceeding, and after they had examined a number of witnesses and announced that they rested their case, the land-owner, John G. Coffman, offered a witness to prove that the road should not be established, by showing, among other things, that a route as good if not better from Nolen's run to Robinson's run could be located about three fourths of a mile below the proposed route, and at greatly less expense to the county; said Coffman offering to give so much of his land as said last road might pass over without payment of damages or compensation—said last route passing through said Coffman's land, and through the land of others; and said Coffman also offered to prove by an engineer, one Thomas M. Jackson, that he, said Jackson, had made a survey of said lower route, and that the same was equally practicable to that proposed and marked out by the viewers in said proceeding. To the introduction of which evidence, the counsel for the petitioners objected, and the court sustained the objections. To which action of the court in sustaining said objections and in excluding said evidence, the said Coffman, by his counsel excepted, and moved that his bill of exceptions be signed, sealed and enrolled, which is accordingly done.

And thereupon the said Coffman obtained from the circuit court of Harrison a writ of error and *supersedeas* to this judgment of the county court. And on the 6th

day of December, 1878, the circuit court of Harrison decided, that this writ of error and *supersedeas* was improvidently awarded; and it was ordered that it be dismissed, and that the defendant in error recover of the plaintiff in error, Coffman, their costs expended in the circuit court. James M. Jackson, the judge of the fifth judicial circuit, awarded a writ of error and *supersedeas* to the Supreme Court of Appeals. The petition on which it was awarded, assigned as error that the county court had rejected the evidence which he offered, and that their order establishing the road did not establish it as a public or a private road, and yet the circuit court, when his writ of error was heard, affirmed this erroneous judgment of the county court.

*John Bassell*, for plaintiff in error.

*Harrison*, for defendants in error.

GREEN, PRESIDENT, delivered the opinion of the Court:

The last assigned error will be first considered. The petition originally presented to the county court in this case was for the establishment of a specific public road. All the proceedings had in the county court were those required to be had, when a public road as distinguished from a private road is to be established. Thus the order of June 19, 1875, appointing the viewers, required them to report the probable cost of the work, which is not required when a private road is to be established. See §35, ch. 194 of Acts of 1872-3, p. 572. The cost of the work was accordingly reported as $140.00. The 39th section of said act p. 574, also provides, that in executing the writ of *ad quod damnum* "the jury, if it be desired by any party interested, or be directed by the court, shall also ascertain, whether the road will be one of such mere private convenience as would make it proper it should be opened and kept in order by the person or persons, for whose convenience it is desired, or whether a less sum, and if so what sum, will be a just

1880
Special Term.

Coffman et al.
v.
Griffin et al.

compensation to any such proprietor or tenant, in case he be permitted to erect and keep one or more gates across the road."

In this case the jury did not perform this duty, nor were they directed by the court so to do, nor were they desired by any party interested to do so. All this would seem clearly to show, that the road established was a public road, unless there be something in the order establishing it to show, that a private road only was established. There is nothing in the order to indicate this. On the contrary the order is just such an order as would be entered, if a public road was to be established. The idea of the plaintiff in error, that there could be a doubt as to the character of the road established, is, I presume, based on the fact, that in the final order Griffin and Harbert are ordered to pay to Coffman one half of the damages awarded, the other half to be paid by the county. The law provides, that where a public road is to be established, all the damages shall be paid by the county. It may have been an error in the county court to order Griffin and Harbert to pay any part of these damages, as all the proceedings had been to establish a public not a private road, and as the orders of the court had established a public and not a private road; but this error was in no manner prejudicial to the plaintiff in error, and he cannot complain thereof; and it seems to me clear, that it cannot alter or render doubtful the character of the road established. This point, though made in the petition, has not been presented by the counsel for the plaintiff in error in his argument, and, I presume, on consideration the counsel reached the same conclusion; which we have reached.

The other error assigned is the refusal of the court to hear the evidence of the plaintiff, when it made its final order under the circumstances set forth in his bill of exceptions. The evidence rejected was offered after the return of the inquest of the jury, and it was evidence intended to prove, that a different route from that which

had been reported by the viewers, and adopted by the court by an order made at previous term of the court, February 22, 1876, could be located about three fourths of a mile below the proposed route; that this route would be as good as, if not better than, the route which had been adopted, and that it would cost the county much less. This evidence was offered to prove, that there should not be a final establishment of the road which had been adopted. Ought this evidence to have been received by the court; and can the plaintiff in error complain of the refusal of the court to receive this evidence?

The road law provides, that when the viewers have made their report, the court may upon the facts stated in the report at once determine, that the road asked for ought not to be established, and if they do so, they render a judgment at once against the petitioners for the road. See ch. 194 sec. 36 of Acts of 1872-3 p. 573. While they may thus decide against the opening of the road, they are not authorized to decide at that time in favor of the opening of the road, but before taking any other action in the case they are required to appoint a day for hearing the parties in interest, and cause notice thereof to be given to the proprietors and tenants of the property, which would have to be taken or injured. The court at the appointed time may, as I understand, hear any evidence offered by the parties, which tends either to show that the road ought to be opened on the route proposed by the viewers, or that it ought not to be opened on that route; and evidence showing that there was a better and cheaper route, ought at that stage of the case to be heard by the court, because such evidence would show it ought not to be opened on the route proposed.

All this is, I think, necessarily implied by the following clause of the 38th section of the road-law: " When hearing the parties interested in an application for a public road, the county court shall decide for or against undertaking the proposed work on behalf of the

county." If the court on hearing such evidence be satisfied, that there is probably a better route for the proposed road than that recommended by the viewers, they may recommit the report to the same or other viewers with instructions to examine this new route and report on the same. See 35th section of road-law, page 573. Or if not satisfied by the evidence, that there be probably any better route, they may determine against the proposed route, if they be of opinion from the report of the viewers or from the evidence, that its cost will be too great to the county to justify the undertaking of the work by the county; and if they so conclude, their determination is final. See sec. 38 of road-law, p. 574. If however they conclude from this report and evidence, that the work will be useful, and will not cost more than the county can afford to pay for the public convenience it produces, they may decide in favor of the undertaking; but this decision is not final and conclusive for the obvious reason, that neither from the report of the viewers nor from the evidence is it possible for the court to ascertain with accuracy and conclusiveness in the then stage of the proceedings the costs, which will be imposed on the county by the opening of the road, because any tenant or proprietor of land through which the road passes, has a constitutional right to have the damages he will sustain, to be paid by the county, ascertained by a jury. Until this be done, it is impossible to ascertain conclusively, what will be even the probable cost of the road, and therefore the law provides, that after the return of the verdict of the jury assessing these damages the court may review its decision in favor of establishing the road as proposed by the viewers, and then determine to abandon the work. See sec. 42 of road-law, p. 575. In reaching this conclusion they should consider not only the report of the viewers and the verdict of the jury, but all other evidence which may be presented. See sec. 42.

That this is the true reason, why, when the

court has determined to open the road before the assessment of the damages by the verdict of a jury, they are permitted to review their decision and abandon the road, is obvious from the fact, that, if such verdict of a jury is waived by the proprietors, the court may upon the report of the viewers determine at once to open the road, which determination is under these circumstances conclusive and final. See sec. 37 of road-law, p. 574.

The question for us to determine is, what is the true meaning of the 42d section of the road-law, chapter 194 of Acts of 1872-3, page 575, which says : " After the return of the inquest of the jury, the court shall upon the report, inquest and other evidence, if any, determine whether the road shall be established; and it shall be at the option of the court to pay the sum awarded or to abandon the proposed undertaking." If a proprietor of land, through which the road passes, who after the report had been returned recommending the opening of a particular route had been summoned, appears and contests the opening of the road and introduces evidence, as he has at that time a clear right to do, to show that another, better and cheaper route for the road can be found, and the court after hearing this evidence decides to open the road by the proposed route and against the other route suggested by the proprietor, and he asks a writ of *ad quod damnum*, he has a right on the return thereof, to demand, that the court shall re-hear the evidence and determine again, whether the route he suggests be or be not better than the route recommended by the viewers. The general rule is, that, when a party has been fully heard by a court upon any question, and his evidence fully considered, and when no evidence exists at a future time, which could not have been fully considered at the first hearing, the court can not at another term of the court be required by such party to re-hear this evidence and again consider the question.

Was it the intention of this 42d section of the road-law to abolish this rule, and to require the court upon

the demand of a proprietor of land to re-hear this question as to the proper route to be taken by the road upon the same evidence, upon which the court had formerly heard and decided the point? It seems to me that such was not the purpose of this 42d section. There was, as we have seen, one question, on which there would necessarily be evidence before the court on the final hearing of the case, which could not possibly have been before the court, that is ·the cost to the county of establishing the road. So far as the damages to be paid to proprietors of the land goes, it would not have been ascertained by the verdict of a jury at the first trial and was then only estimated or guessed at by the court. For this reason the law permits the case to be reconsidered, and the road, which the court had formerly determined to be established, may be abandoned. And as this question of the cost to the county of the road was thus necessarily in part open, this 42d section, as I understand it, opens this question fully and requires the court to consider this new evidence, the verdict of the jury, but also the report of the viewers, evidence formerly before the court, and also. other evidence, if any be offered, such for instance as that the actual cost of blowing rock out of the proposed road and other like costs of opening it will be greater than what the viewers in their report estimated it to be. And as the question of the cost of the road to the county, and whether it is greater than its convenience would compensate for, must depend on the character of the proposed road, evidence should be heard by the court of the character of this proposed road, when finished, and to what extent it would be of service to the public, for though evidence on these points could have been introduced at the former hearing, yet it could not have then been considered by the court in connection with the damages to be paid to the proprietors; and therefore as the court formerly could not have considered this sort of evidence to the same advantage as the court can at the final hearing of the case, it is again al-

lowed to be heard and considered. Such evidence as this, though formerly introduced, the proprietor of the land has under this 42d section a right to demand the court shall again hear and consider.

But if he has introduced evidence at the former trial with reference to a better and cheaper route, which the court had considered and acted upon, he has no right to demand under this 42d section, that such evidence shall be again heard and considered by the ' court. And the order showing this parol evidence was heard, and not showing the character of the evidence, it must by this court be presumed in favor of the action of the court below, that this was the character of that evidence. Whether the court could under any circumstances properly hear such evidence, or whether the proprietor of the land could under any circumstances demand, that such evidence should be heard, we need not in this case determine. It is sufficient to settle this case to determine, that, if the court has at the former hearing of this case heard such evidence, it is not forced again to hear it.

The former order establishing this road in this case, made February 22, 1876, is: "This day came the parties, by their attorneys, and the court having heard the evidence and argument of counsel, and having maturely considered the same are of the opinion, that the said road should be established; therefore it is ordered, that the road as viewed and marked by the viewers as shown with the plat filed with the report of said viewers be and the same is hereby established." It appears that the route recommended by the viewers was not adopted by the court merely on this report, but also after the plaintiff in error had appeared and offered evidence, which was maturely considered by the court. Under these circumstances he had no right to demand of the court, that after the return of the writ of *ad quod damnum* they should again hear evidence, as to whether the proposed route or some other route was the better and cheaper.

I am therefore of opinion, that the county court did

not err in rejecting this evidence when offered, and the circuit court did not err to the prejudice of the plantiff in error, when on the 6th day of December, 1878,. it ordered his writ of error and *supersedeas*, or appeal as it is called in the order, to be dismissed, and that the defendants in error (called appellees) recover of the plaintiffs in error (called appellants) their costs expended in the circuit court. This judgment of the circuit court must therefore be affirmed and the defendants in error must recover of the plaintiff in error their costs expended in this court and thirty dollars damages.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.