## LAFAYÉTTE & INDIANAPOLIS RAPID RAILWAY COMPANY v. BUTNER.

[No. 19,973. Filed April 8, 1904.]

RAILROADS.—*Condemnation Proceedings.*—*Appointment of Appraisers.*—*Right of Appeal.*—An appeal will not lie from an order of the circuit court denying an application for the appointment of appraisers in a condemnation proceeding instituted under §5160 Burns 1901.

From Boone Circuit Court; *J. L. Clark,* Special Judge.

Proceeding by the Lafayette & Indianapolis Rapid Railway Company against Charles F. Butner and others to condemn lands for right of way. From an order denying an application by the railroad company for the appointment of appraisers, it appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Appeal dismissed.*

*O. B. Jameson, C. M. Zion* and *G. P. Haywood,* for appellant.

*S. M. Ralston* and *Pierre Gray,* for appellees.

GILLETT, C. J.—This was a proceeding instituted under §5160 Burns 1901, by the above-named company, to condemn certain lands for the purposes of a right of way. The Boone Circuit Court permitted issues of fact to be framed upon the instrument of appropriation, and, after hearing evidence as to such issues, entered an order refusing to appoint appraisers. From such order said company has attempted to appeal to the Appellate Court. The threshold question in this case is whether we have any jurisdiction over this proceeding, or, in other words, whether such an appeal will lie.

The statute under which the proceeding was had makes no provision for an appeal from such an order. The only provision made for an appeal is to a trial court, and such appeal cannot be taken until after the award has been made. In so far as final judgments under the civil code are concerned, appeals can only be taken from the judgments of "circuit courts and superior courts." §644 Burns 1901. A subsequent section of the civil code provides for appeals from certain interlocutory orders made by a court or judge (§658 Burns 1901), but appeals in instances like the present are not thereby authorized. Other express provisions for appeals may be found in the statutes, but such provisions do not affect the pending question. Sections 1337a-1337i Burns 1901, and Acts 1903, p. 280, relative to the jurisdiction of this Court and of the Appellate Court, are but supplemental to the express provisions for appeal which the statutes contain.

It will be seen, upon this state of legislation, that if the proceeding in question can be said to be a civil action at the stage it had reached below, the right of appeal would depend upon the accidental circumstance as to whether the application for the appointment of appraisers was denied in term time or in vacation. We do not believe that this was the purpose of the General Assembly, and we are therefore at once led to doubt whether an appeal is authorized from an order denying an application for the appointment of appraisers.

But an even more substantial reason urges us to the conclusion that such an appeal will not lie. The statute which authorizes the condemnation of land for railroad purposes does not relate to actions according to the course of the common law, but relates to special proceedings more nearly comparable to inquests than to civil actions. The very provision of the statute as to the taking of an appeal by exceptions to the award impliedly forbids a resort to

any other statute for authority to appeal during the preliminary stages of the proceeding.

The power of eminent domain inheres in sovereignty, and, in the division of powers, falls within the domain of the legislative authority. The mode of exercising the right is for the legislature, in the absence of constitutional restraints. *Secombe* v. *Railroad Co.,* 23 Wall. 108, 23 L. Ed. 67; *Anderson* v. *Caldwell,* 91 Ind. 451, 455, 46 Am. Rep. 613. The tribunal which the State provides to assess the damages must be impartial, but there is no requirement that the tribunal should be a court. It is proper, however, to provide for a judicial examination into the question as to whether the conditions which are required to exist to warrant the appropriation have been observed. *Boom Co.* v. *Patterson,* 98 U. S. 403, 25 L. Ed. 206; *Searl* v. *School Dist.,* 124 U. S. 197, 8 Sup. Ct. 460, 31 L. Ed. 415.

Whether the statute we are considering contemplates that the court or judge shall permit issues to be made and tried before the appointment of appraisers, we need not and do not determine. Our present purpose is to evince the proposition that the proceedings are special at the stage indicated, and that therefore a right of appeal is not to be implied from the general language of the code relative to such right.

Proceedings of this character may, upon appeal from the award, become so far analogous to civil actions as to be governed by the provisions of the code in regard to the procedure; but they are not civil actions in their earlier stages, but are statutory proceedings of a special nature. *Lake Shore, etc., R. Co.* v. *Cincinnati, etc., R. Co.,* 116 Ind. 578.

In 2 Cyc. Law & Proc., 540, it is stated: "It is a well-settled rule in most jurisdictions that where a tribunal exercises a special, limited jurisdiction, conferred by statute, and in which the procedure is not according to the

course of the common law, no appeal lies from its action therein unless such appeal is expressly provided by statute."

In holding that an appeal would not lie to the circuit court from an order of a board of county commissioners in a proceeding to relocate a county seat, this court, in a comparatively early case, said: "The ground upon which our ruling is based is, that this is a special•proceeding, for a special purpose, based upon a special statute, which gives no right of appeal; and being a special proceeding, it cannot be governed by the general statute; and that, consequently, no right of appeal exists." *Bosley* v. *Ackelmire,* 39 Ind. 536. See, also, *Board, etc.,* v. *Smith,* 40 Ind. 61; *Cole* v. *Howard,* 56 Ind. 330; *Board, etc.,* v. *State, ex rel.,* 147 Ind. 476; *French* v. *Lighty,* 9 Ind. 475.

There are a number of authorities, involving condemnation proceedings, which support the view that an appeal is unauthorized in an instance of this kind. In *Wilmington, etc., R. Co.* v. *Condon,* 8 G. & J. (Md.) 443, it was said: "There is no appeal expressly given to the court of appeals, under the act of assembly, investing the county court with the power of reviewing and confirming, or setting aside inquisitions like the present. From the nature and course of their proceedings, this power of review is a fit subject for litigation in a county court, but is wholly inappropriate to the jurisdiction of this court. It is a special limited jurisdiction given to the county court, from the decision of which no appeal lies to any other tribunal." In *New York Cent. R. Co.* v. *Marvin,* 11 N. Y. 276, the question was presented as to the right to appeal to the court of appeals from an order of the supreme court confirming the report of commissioners in a condemnation case. The code of New York allowed an appeal from "a final order affecting a substantial right made in a special proceeding," but it was held in the case mentioned that an appeal would not lie under said statute, as the railroad

act of the state had created an entire system for ascertaining the value of lands so taken. In dismissing the appeal the court said: "The whole proceeding is a special creation of the statute, and seems designed to form a complete system of itself, entirely independent of the general provision of the statute authorizing appeals to this court." See, also, *Valentine* v. *City of Boston,* 20 Pick. 201; *Norfolk, etc., R. Co.* v. *Ely,* 95 N. C. 77; *Brown* v. *Philadelphia, etc., R. Co.,* 58 Md. 539; *Kundinger* v. *City of Saginaw,* 59 Mich. 355, 26 N. W. 634; *McNamara* v. *Minnesota Cent. R. Co.,* 12 Minn. 388; *Conter* v. *St. Paul, etc., R. Co.,* 24 Minn. 313; *State, ex rel.,* v. *Rapp,* 39 Minn. 65, 38 N. W. 926; *Hartley* v. *Keokuk, etc., R. Co.,* 85 Iowa 455, 52 N. W. 352; *Raleigh, etc., R. Co.* v. *Jones,* 1 Ired. 24.

There is no right of appeal except as it is granted by statute. *Lake Erie, etc., R. Co.* v. *Watkins,* 157 Ind. 600. Our conclusion is that provision has not been made for an appeal as has been here attempted.

Appeal dismissed.