Noblesville Hydraulic Co. *v.* Evans.

defendants, plaintiffs appealed to the Appellate Court, where the judgment was affirmed. Appealed from the Appellate Court under subdivision 3, §1337j Burns 1901. *Affirmed.*

*P. W. Bartholomew,* for appellants.

*R. O. Hawkins. H. E. Smith, J. R. Wilson* and *M. M. Townley,* for appellees.

---

## NOBLESVILLE HYDRAULIC COMPANY *v.* EVANS ET AL.

[No. 20,298. Filed October 26, 1904.]

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Action by the Noblesville Hydraulic Company against Adolphus L. Evans and others. From a judgment for defendants, plaintiff appeals. *Appeal dismissed.*

*George Shirts* and *W. R. Fertig,* for appellant.

*F. E. Gavin, T. P. Davis, J. L. Gavin, W. S. Christian* and *O. M. Gentry,* for appellees.

MONKS, J.—This proceeding was commenced by appellant in the Hamilton Circuit Court, under §§4833, 4834 Burns 1901, §§3702, 3703 R. S. 1881 and Horner 1901, to condemn certain land for constructing a dam across White river in Hamilton county, Indiana.

On application of appellees, the venue of said cause was changed to the court below, where, on their motion, the court refused to appoint appraisers, and dismissed the instrument of appropriation. Appellant appeals, and assigns for error the sustaining of said motion to dismiss.

It is insisted by appellees that no appeal will lie from said decision of the court below, for the reason that no provision is made for an appeal from such an order, citing *Lafayette, etc., R. Co.* v. *Butner* (1904), 162 Ind. 460. In the case cited it was held by this court that a proceeding to condemn lands under §5160 Burns 1901, §3907 R. S. 1881 and Horner 1901, was not in its early stages, before an appeal from the award of the ap-

praisers, a civil action, but was a statutory proceeding of a special nature; that the provisions of the code for an appeal in civil actions to this or the Appellate Court do not apply to any ruling or action in such proceeding during this period, and as no provision is made therefor by statute none will lie.

The provisions of the sections involved in this appeal are substantially the same as those of §5160, *supra*, and contain no provision for an appeal. This case is therefore ruled by *Lafayette, etc., R. Co.* v. *Butner, supra.* Upon the authority of that case the appeal is dismissed.