Richland School Tp. *v.* Overmyer.

## RICHLAND SCHOOL TOWNSHIP *v.* OVERMYER.

[No. 20,528.   Filed March 16, 1905.]

1. PLEADING. — *Exceptions to Award.* — *Eminent Domain.* — *School-houses.*—An exception to an award in a proceeding to condemn lands for the purpose of building a schoolhouse thereon which states that the valuation is too small and should be for a larger sum, "which is a reasonable value for the same," is sufficient on demurrer.   p. 384.

2. EMINENT DOMAIN.— *Schoolhouses.*— *Trustee.*— *Discretion.*— The right to condemn private property for public use rests with the legislature, and the exercise of such right for school purposes is delegated to the trustees of the school townships.   p. 385.

3. SAME.—*Legislative Question.*—*Necessity.*—The right of exercising the power of eminent domain being one of political sovereignty, a judicial hearing on the question of the propriety or necessity is not necessary.   p. 385.

4. SAME.—*Delegation of Power.*—*Necessity.*—The State may delegate its power of eminent domain to an individual or corporation, and may give such person or corporation the authority to decide as to the expediency or necessity therefor.   p. 386.

5. SAME.—*Schoolhouses.*—*Power to Locate.*—The trustee of a school township has the right to decide what lands shall be condemned for school purposes, and his decision on such question is final.   p. 386.

6. EVIDENCE.—*Eminent Domain.*—*Motive of Trustee.*—The motive of the school trustee can not be inquired into in an action to condemn lands for school purposes.   p. 387.

7. SAME.—*Eminent Domain.*—*Ulterior Use.*—Evidence tending to show an ulterior private use is not admissible in an action to condemn lands for school purposes.   p. 387.

8. SAME.—*Eminent Domain.*—*Quantity.*—*Convenience.*—Evidence to show that more land than is necessary is sought to be condemned, and that other land would be more convenient for school purposes, is inadmissible.   p. 388.

9. EMINENT DOMAIN.—*Unlawful Appraisement.*—*Remedy.*—An appraisement procured by unlawful means or made by incompetent appraisers in a condemnation proceeding will be set aside on proper exceptions and a new appraisement ordered.   p. 388.

From Marshall Circuit Court; *Harry Bernetha,* Judge.

Action by Richland School Township against Jeremiah Overmyer. From a decree for defendant, plaintiff appeals.

Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.  *Reversed.*

*Martindale & Stevens* and *Essick & Montgomery,* for appellant.

*Samuel Parker* and *Isaiah Conner,* for appellee.

Montgomery, J.—This proceeding was instituted in the Fulton Circuit Court by the trustee of Richland township, Fulton county, against appellee for the appropriation, by condemnation proceedings, of one acre of land for school purposes, under the provisions of §§6006-6008 Burns 1901, §§4517-4519 R. S. 1881.  Appraisers were duly appointed and qualified, and returned their appraisement in the sum of $325, to which appellee filed exceptions.  Appellant demurred without success to appellee's exceptions, and then replied thereto by general denial.  The venue of the cause was changed, upon appellee's application, to the Marshall Circuit Court, and a trial by jury resulted in a general verdict for appellee.

The assignment of errors challenges the decision of the lower court (1) in overruling appellant's demurrer to appelle's exceptions to the appraisement; and (2) in overruling appellant's motion for a new trial.

The statutes authorizing this proceeding are as follows: "Section 6006.  Whenever, in the opinion    *  *  *  of the township trustee of any township in this State, it shall be considered necessary to purchase any real estate on which to build a schoolhouse, or for any other purpose connected therewith, such township trustee  *  *  *  may file a petition in the circuit court of said county, asking for the appointment of appraisers to appraise and assess the value of said real estate.  Section 6007.  Upon said petition being filed (the owner or owners of said real estate having had ten days' notice of the pendency thereof), the court shall appoint three freeholders, resident in  *  *  *  said

township where said real estate is situate, to appraise and assess the value thereof. Section 6008. Said appraisers, before making said assessment and appraisement, shall take an oath before the clerk of said court to make a fair, true and honest appraisement of said real estate; and shall then proceed to examine said real estate, hear such evidence as they may consider necessary, and make report of their appraisement within five days after their appointment. Upon said report being filed, the owner or owners of said real estate may except to the same for any cause, and a trial thereon may be had in said court. When the value of said real estate is finally determined in said court, the township trustee * * * may pay to the clerk of said court, for the use of the owner of said real estate, the amount so determined, and, upon payment thereof, the title to said real estate shall vest in said school corporation for said purpose."

1.    Appellee's exceptions to the appraisement are all embraced in a single paragraph. Much that is set forth therein is irrelevant and surplusage, and has no proper place in exceptions to an appraisement of this character. It is charged, however, "that the award of damages by said appraisers is erroneous, in this: that the valuation fixed upon said land is too small, and, instead of being $325, should have been at least $1,000, which is a reasonable value for the same, located as it is." This allegation in itself constitutes a sufficient exception to the appraisement, and justified the court in overruling appellant's demurrer for want of facts.

Appellant's motion for a new trial embraces the general grounds that the verdict is not sustained by sufficient evidence and is contrary to law, as well as special causes relating to the admission of evidence and to instructions to the jury. The special causes assigned in the motion for a new trial are not set forth in appellant's brief as required by the rules of this court, but a consideration of the suffi-

ciency of the evidence to sustain the verdict will practically dispose of all questions in controversy. Appellee's theory, as advanced in his exceptions to the appraisement, and supported by his evidence and instructions tendered, and advocated upon appeal, is that the proposed appropriation of land was not intended for school purposes, but that the trustee, under color of his office, was acting from prejudice and personal interest, if not corruptly. Appellant's contention was and is that in proceedings to appropriate lands for school purposes the trustee acts upon his own discretion, and that his action can not be questioned or reviewed, except by an appeal to the county superintendent. The jury adopted appellee's theory, returned a general verdict in his favor, and thereby defeated the proposed appropriation of land; and the question now is, can this verdict be sustained?

2. The right to appropriate private property to public uses lies dormant in the State until legislative action is had, pointing out the occasions, the modes, conditions and agencies for its appropriation. When property is needed for a district schoolhouse, or for other school purposes connected therewith, it is proper that the district should appropriate it, and the State has accordingly delegated to the township trustee the exercise of the power of eminent domain for this special purpose. When the right of eminent domain is specially granted in such a case, no question of power arises, the taking is by the public, the use is by the public, and the benefit to accrue therefrom is shared in greater or less degree by the whole public. *People, ex rel.,* v. *Smith* (1860), 21 N. Y. 595; *Ford* v. *Chicago, etc., R. Co.* (1861), 14 Wis. 663, *610, 80 Am. Dec. 791; *Matter of Albany Street* (1834), 11 Wend. 149, 25 Am. Dec. 619.

3. The authority to determine in any case whether it is necessary or expedient to permit the exercise of the power of eminent domain, when not prohibited by the Con-

stitution, rests with the legislative department of the State; and the propriety of taking private property for public use is not a judicial question, but one of political sovereignty, and a hearing upon the facts as to such propriety or necessity is not required. *Varick* v. *Smith* (1835), 5 Paige Ch. *137, 28 Am. Dec. 417; *Aldridge* v. *Tuscumbia, etc., R. Co.* (1832), 2 Stew. & P. 199, 23 Am. Dec. 307; *Ford* v. *Chicago, etc., R. Co., supra; City of Dallas* v. *Hallock* (1904), 44 Ore. 246, 75 Pac. 204; *Zircle* v. *Southern R. Co.* (1903), 102 Va. 17, 45 S. E. 802; *Consumers Gas Trust Co.* v. *Harless* (1892), 131 Ind. 446, 15 L. R. A. 505; *Water-Works Co.* v. *Burkhart* (1872), 41 Ind. 364.

4.   In all cases when it is deemed proper to delegate to individuals or to a corporation the power to appropriate property, it is competent to delegate the authority to decide upon the necessity or expediency for the taking, without submitting the matter to a court or jury. *People, ex rel.,* v. *Smith, supra; Lynch* v. *Forbes* (1894), 161 Mass. 302, 37 N. E. 437, 42 Am. St. 402; *Holt* v. *City Council* (1879), 127 Mass. 408; *Boom Co.* v. *Patterson* (1878), 98 U. S. 403, 25 L. Ed. 206; *Palmer* v. *Harris County* (1902), 29 Tex. Civ. App. 340, 69 S. W. 229; *Atlantic, etc., R. Co.* v. *Penny* (1904), 119 Ga. 479, 46 S. E. 665; *Chicago, etc., R. Co.* v. *Town of Lake* (1874), 71 Ill. 333.

5.   The General Assembly of Indiana has delegated to school corporations the power of eminent domain, and to the township trustee the authority to determine the necessity for its exercise.   In acquiring lands for a schoolhouse, and for other purposes connected therewith, no right to a hearing as to the necessity or expediency of the appropriation has been reserved to the landowner, either in the Constitution or laws of this State.   The discretion conferred upon the township trustee under these statutes is broad, comprehensive and absolute, and the court can not control its exercise in a proceeding of this kind; nor can the court substitute its judgment, or the judgment of the

jury, for that of the officer designated by law, as to the expediency or necessity of making the proposed appropriation of land. *Braden* v. *McNutt* (1888), 114 Ind. 214; *Amoss* v. *Lassell* (1890), 122 Ind. 36; *City of Kokomo* v. *Mahan* (1885), 100 Ind. 242; *Weaver* v. *Templin* (1888), 113 Ind. 298; *State, ex rel.,* v. *Sherman* (1883), 90 Ind. 123; 2 Lewis, Eminent Domain (2d ed.), p. 891.

6.   The fact, if it be true, that the township trustee would be directly or indirectly benefited in his private business, beyond the general benefits resulting to the public from the appropriation, or that he was, to an extent, influenced by bias or prejudice for or against appellee in instituting his proceeding, was not a proper matter to go before the jury, or in any sense pertinent to the real issue for trial. In the case of *Kansas, etc., Railway* v. *Northwestern, etc., Co.* (1901), 161 Mo. 288, 61 S. W. 684, 51 L. R. A. 936, 84 Am. St. 717, in speaking of a somewhat similar objection to the exercise of the right of eminent domain by a railroad company, the court said: "It would be intolerable that whenever it seeks to exercise the extraordinary power by this summary process, the courts should stop to inquire into the charter or regularity or legality of its organization, 'or into the motives of the incorporators or their relations to or holdings in other corporations of a different character." See, also, *Holly Shelter R. Co.* v. *Newton* (1903), 133 N. C. 132, 45 S. E. 549; *Aurora, etc., R. Co.* v. *City of Lawrenceburgh* (1877), 56 Ind. 80, 87.

7.   It was not competent in this proceeding to introduce evidence tending to show that the property was to be applied to a different use than that for which it was appropriated. The property thus acquired could only be used for the public purpose for which it was obtained, under the statute. *Aurora, etc., R. Co.* v. *City of Lawrenceburgh, supra; Sultan Water, etc., Co.* v. *Weyerhaeuser Timber Co.* (1903), 31 Wash. 558, 72 Pac. 114; *Kansas, etc., Railway* v. *Northwestern, etc., Co., supra.*

8.   The landowner can not show in defense of this proceeding that a less quantity of land than that described will suffice, or that another location would be more convenient and could be had for a less price. *Kansas, etc., Railway* v. *Northwestern, etc., Co., supra; Atlantic, etc., R. Co.* v. *Penny, supra; City of Dallas* v. *Hallock, supra; Coffman* v. *Griffin* (1880), 17 W. Va. 178. This decision is sharply limited to questions properly presented by the record under consideration.   In this case the taking is by a public corporation, for a use unquestionably public, and the discretion exercised was that vested by law in a public officer.   We do not decide whether or not all that has been said in this opinion would apply in cases of the exercise of the power of eminent domain by a private corporation or *quasi* public corporation.

9.   If in any case under these statutes it should be discovered that the appraisers were disqualified from acting, or that the appraisement had been procured by unlawful means, such facts, if timely presented by way of exceptions, on proof of their truth, would doubtless entitle the exceptor to another appraisement.   But in no case can any such issues as were tendered by the surplus allegations of appellee's exceptions be joined in a proceeding of this kind.   The only legitimate question for trial upon appellee's exceptions in this case was the amount of damages which he would sustain by reason of the appropriation of the land described in appellant's petition.   The case was tried upon an erroneous theory, and a wrong result was reached.   The verdict is not warranted by the evidence properly admitted, and is contrary to law.   Appellant's motion for a new trial should have been sustained.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.