WESTPORT STONE COMPANY *v.* THOMAS ET AL.

[No. 21,004. Filed February 7, 1908.]

1. PLEADING. — *Answer.* —*Exceptions.* —*Eminent Domain.*—Objections, under §933 Burns 1908, Acts 1905, p. 59, §5, denying the asserted right of plaintiff to exercise the power of eminent domain, serve the purpose of a demurrer. p. 93.

2. EMINENT DOMAIN.—*Exercise of Power of.*—*Statutes.*—The power of eminent domain is a special right delegated from the State; and its exercise must be in conformity with the statutes giving such right. p. 93.

3.   APPEAL.—*Final Judgment.—Eminent Domain.—Refusal to Appoint Appraisers.*—Where the trial court merely sustained defendants' objections to plaintiff's petition, in an eminent domain proceeding, under §5236 Burns 1908, §3907 R. S. 1881, and plaintiff refused to plead further, no appeal lies therefrom under said section or under §933 Burns 1908, Acts 1905, p. 59, concerning proceedings in eminent domain. p. 93.

4.   SAME.—*Eminent Domain.—Objections.—Sustaining.—Appeal.*— An appeal does not lie from an order sustaining defendant's objections to a complaint in eminent domain, where no final judgment is rendered. p. 94.

5.   SAME.—*Premature.—Dismissal.*—An appeal taken from a ruling on objections to a complaint in eminent domain will be dismissed. p. 94.

From Decatur Circuit Court; *Marshall Hacker,* Judge.

Condemnation proceeding by the Westport Stone Company against Mariah Thomas and others. From an order sustaining defendants' objections to the complaint, plaintiff appeals. *Appeal dismissed.*

*Tackett & Wilson* and *George W. Bruce,* for appellant.
*John F. Goddard* and *John W. Craig,* for appellees.

MONTGOMERY, J.—Appellant, a private corporation organized under the laws of this State governing the incorporation of manufacturing and mining companies, instituted this proceeding to condemn and appropriate a right of way over lands of appellees for the construction of a lateral railroad as defined in §5398 Burns 1908, §3987 R. S. 1881.

Appellees Thomas and Elliott appeared in pursuance of notice and filed objections to the proceeding. The court sustained specifications numbered 3, 4, 5, 6, 7, 8, 9, 10, 14, 17, 21, 23, 27, 28 and 29 of such objections, and overruled the intermediate omitted numbers. Appellant duly excepted to the ruling of the court in sustaining each of said objections, and the record recites: "And the plaintiff now refuses to plead further."

Appellees' counsel make the point that no judgment was pronounced, and no appeal is authorized from a mere ruling with respect to the sufficiency of a pleading. Appellant's

counsel admit that no judgment was entered, but contend that under the provisions of section five of "an act concerning proceedings in the exercise of eminent domain" (Acts 1905, p. 59, §933 Burns 1908), an appeal is authorized from a "decision" sustaining any objection to the complaint.

The paragraphs of objection sustained, denied, in various forms, the right of appellant to exercise the power of eminent domain for the use sought, and challenged the sufficiency of the allegations of the complaint to show such right. Objections of this character perform the office of a demurrer and tender issues of law for the decision of the court upon the face of the pleadings. *Morrison* v. *Indianapolis, etc., R. Co.* (1906), 166 Ind. 511; *Vandalia Coal Co.* v. *Indianapolis, etc., R. Co.* (1907), 168 Ind. 144.

Section 933, *supra,* provides: "Amendments to pleadings may be made upon leave of court. If any such objection shall be sustained, the plaintiff may amend his complaint or may appeal to the Supreme or Appellate Court from such decision, as and in the manner that appeals are taken from final judgments in civil actions, of which appeal all the parties shall take notice and by which they shall be bound."

The power of eminent domain is a special right delegated to individuals or to a corporation by the State, and can be exercised only upon the terms and in the manner prescribed by statute; in other words, this is a special proceeding. The right of appeal is statutory and may be given or withheld in the discretion of the legislature, and an appeal was not authorized from a decision refusing to appoint appraisers under §5236 Burns 1908, §3907 R. S. 1881. *LaFayette, etc., R. Co.* v. *Butner* (1904), 162 Ind. 460; *Noblesville Hydraulic Co.* v. *Evans* (1904), 163 Ind. 700.

The language of the act just quoted was, in our opinion, intended to confer a right of appeal on plaintiffs defeated

upon the preliminary hearing, and to bring these proceedings in that respect within the general provisions of the law governing appeals in civil cases, and was not designed to give plaintiffs in such proceedings other and different appellate rights than those given generally in civil actions. In civil cases it is well settled that an entry showing only that the court sustained a demurrer to the complaint, and the plaintiff refused to plead further, fails to show a final or appealable judgment. *James* v. *Lake Erie, etc., R. Co.* (1896), 144 Ind. 630; *Brannock* v. *Stocker* (1881), 76 Ind. 573; *Slagle* v. *Bodmer* (1877), 58 Ind. 465; *State, ex rel.,* v. *Herod* (1898), 21 Ind. App. 177; *Foster* v. *Lindley* (1898), 20 Ind. App. 155.

No good reason has been suggested by counsel or occurs to us for retaining a cause upon the docket of the lower court pending an appeal, when that court by sustaining objections has determined as a matter of law that the plaintiff is not entitled to the relief sought. In all such cases it is true the sustaining of the objection or demurrer forms the basis of the error to be assigned and relied on upon appeal, but it is not available under the statutes granting appeals until followed by a judgment finally disposing of the controversy. The appeal in this case was premature, and for that reason we are precluded from considering the main questions involved.

The appeal is dismissed.