SMITH ET AL. *v.* STATE OF INDIANA.
[No. 26,228. Filed November 1, 1935.]

*David F. Smith, Cox, Conder, Bain & Cox,* for appellants.

*James M. Ogden,* Attorney-General, and *Connor D. Ross,* Assistant Attorney-General, for the State.

FANSLER, J.—This is an appeal from a judgment condemning land and appointing appraisers under the right of eminent domain given to the State Highway Commission by section 24 of the Act of 1919. Acts 1919, ch. 53, p. 132, section 8292, Burns 1926.

Appellants in their brief say:

"The issues were:

"(a) One of law, namely: Whether or not the State Highway Commission has the power to take raw land where a public highway has never before been established in the exercise of the right of eminent domain, or, on the other hand, is limited to taking in charge only public highways established by other authority and exercising the right of eminent domain only in the treatment of such prior created public highways in the matter of a mere deviation from the formerly created public highway where such deviation is found necessary to shorten the length of the public highway, or eliminate steep grades therein, or sharp turns therein, or removing obstructions to vision at highway crossings and curves; and,

"(b) Whether in the exercise of the right of emi-

nent domain in taking raw land for the site or locus of an entirely new state highway where no public highway has ever been established by any other authority' the right of eminent domain granted to the State Highway Commission by said Section 24 of the Act of 1919 extends even to taking lands outside of the site or locus of the proposed new highway for some undisclosed use entirely different from highway use which the State Highway Commission may have in mind."

But the question suggested by proposition (b) is not presented by the record. The complaint alleges that it is necessary to take appellants' land for the purpose of improving state road No. 31, an existing highway, by relocating the roadway for a distance approximating five miles. The court found that the allegations of the complaint were proven. The evidence is not in the record, nor is its sufficiency to sustain the finding and judgment of the court questioned. There is therefore no taking of land for an entirely new state highway, nor is there a taking for an undisclosed use.

Section 24 of the Highway Commission Act (§8292, Burns 1926) provides that: "The state highway commission is hereby given the right, in the name of the State of Indiana, to purchase, or by voluntary grants and donations receive, or otherwise acquire, lands and rights necessary for the construction, repair and maintenance of any state highway, and necessary for the relocating, widening or straightening of any state highway, or necessary for the clearing and removing of obstructions to the vision at highway crossings and curves or for any other purpose or use contemplated by this act. The state highway commission is hereby endowed with the right of eminent domain, insofar as the same may be necessary or proper for the carrying out of the provisions of this act. ... Whenever the state highway commission shall deem it necessary to acquire any

real estate or right for any purpose contemplated in this act, it may adopt an appropriate resolution. . . ."

Section 23 of the Act (§8291, Burns 1926) provides that: "The line or actual location of a state highway may deviate from the location of the public highway as actually traveled at the time said public highway was, under this act, designated as a state highway, as may be deemed expedient by the state highway commission, in order to shorten distance, to eliminate steep grades or sharp turns, to widen narrow portions, or otherwise to promote public convenience and safety. . . ."

The determination of the advisability of relocation or deviation from the location of an existing highway and of the necessity for the condemnation of the specific land is vested by the statute in the highway commission, and is not open to judicial inquiry in the absence of fraud or bad faith. Appellants assert that the commission's power is limited to "a mere deviation from the formerly created public highway." The statute provides such deviation "as may be deemed expedient by the state highway commission, in order to shorten distance, to eliminate steep grades or sharp turns, to widen narrow portions, or otherwise to promote public convenience and safety." This is a grant of discretion as to the amount of deviation; unlimited so long as exercised in good faith.

It is said in *Richland School Twp.* v. *Overmyer* (1905), 164 Ind. 382, 385, 73 N. E. 811:

"The authority to determine in any case whether it is necessary or expedient to permit the exercise of the power of eminent domain, when not prohibited by the Constitution, rests with the legislative department of the State; and the propriety of taking private property for public use is not a judicial question, but one of political sovereignty, and a hearing

upon the facts as to such propriety or necessity is not required. (Authorities.)

"In all cases when it is deemed proper to delegate to individuals or to a corporation the power to appropriate property, it is competent to delegate the authority to decide upon the necessity or expediency for the taking, without submitting the matter to a court or jury. (Authorities.) . . .

"The landowner can not show in defense of this proceeding that a less quantity of land than that described will suffice, or that another location would be more convenient and could be had for a less price. (Authorities.)"

The case cited involved the taking of property by a township trustee for school purposes, but the principle applies with equal force to proceedings by the State Highway Commission under the statute quoted. See *Wright et al.* v. *House* (1919), 188 Ind. 247, 121 N. E. 433.

We find no error in the record.

Judgment affirmed.