STATE HIGHWAY COMMISSION OF INDIANA ET AL.
v. SANDBRINK ET AL.

[No. 27,118. Filed January 9, 1939. Rehearing denied
January 30, 1939.]

*Omer S. Jackson,* Attorney General, *Caleb J. Linsey,*
Deputy Attorney General, and *Morris W. McManaman,*
for appellants.

*Hartell Denmure,* for appellees.

TREMAIN, C. J.—The appellees filed this action under
section 11, chapter 48, Acts 1905, section 3-1711 Burns'
Ind. St. 1933, §14071 Baldwin's 1934, in which they
alleged that they were the owners of a five-acre tract of
land abutting on United States Highway No. 50, imme-
diately south and adjacent to the city of Aurora in Dear-

born County, Indiana; that the state had taken a portion of said land for public use without first having appropriated the same as provided by law. They ask that appraisers be appointed to assess their damages.

The appellants filed objections in three paragraphs to the complaint (section 3-1705 Burns' Ind. St. 1933, §14065 Baldwin's 1934). The first and third paragraphs of objections proceed upon the theory of estoppel for the reason that appellees granted to appellants a license to enter upon their land and construct the highway; that pursuant to said license the state, through its highway officers, entered the land and made improvements; that appellees stood by, saw the work in progress, and made no objections. The second paragraph of objections proceeds upon the theory that the appellees sold the real estate to the state for highway purposes.

The cause was submitted to the court for trial upon the pleadings filed. The court ordered the appointment of appraisers. From this order the appellants appealed to this court and assigned as error that the court erred in overruling appellants' objections to the appointment of appraisers and their motion for a new trial.

The evidence discloses that the appellees were husband and wife and owned the real estate in question by entireties; that the husband was employed by the state in making improvements on United States Highway No. 50; that the real estate owned by the appellees consisted principally of a hillside upon which appellees had improvements consisting of a two-story residence, garage, well, and other outbuildings; that the real estate bordering immediately upon United States Highway No. 50 consisted of a more level tract of land at the base of the hillside; that the state appropriated this portion of the land and moved the highway from its old site onto the land appropriated; that in taking said land from the appellees the state excavated the same at

the base of the hillside to a depth of approximately 11 feet; that, immediately following the excavation, the hillside or sloping land showed evidence of sliding toward the highway; that appellee, Mr. Sandbrink, immediately called the attention of a representative of the state in charge of said work to that condition. The appellee was informed that, if he would permit the state to experiment, an attempt would be made to correct the existing conditions. The experiment was made by laying a tile drain along the base of the hillside. This experiment availed nothing. The state then erected a retaining wall, but the evidence shows that it did not remedy the trouble. The appellee testified that the state officials told him that, if he would permit them to proceed, they would take good care of him, and, in effect, that any damages suffered would be paid.

Appellee testified that he received no compensation for the property appropriated by the state for highway purposes; that from the beginning the conditions became more serious and appellees' land continued to slide toward the highway. Appellee further testified that he relied upon the promise of the representatives of the state to make good the damages suffered. The testimony of the appellee was not disputed by the state, with the exception that the state claimed that it paid appellees for the land appropriated by the construction of the tile drain and retaining wall. The record does not show such contract.

The state rests its defense of estoppel upon the ground that appellee, Mr. Sandbrink, was present and saw the work in progress, but the state does not deny that its representative attempted to repair the injuries and promised to compensate the appellees on account of the appropriation.

With these facts before the court the appraisers were appointed. Under the circumstances this court cannot

say that the trial court was not justified in appointing the appraisers. The question was one of fact for the trial court to determine, the weight of which this court cannot consider.

Judgment affirmed.