INDIANAPOLIS WATER COMPANY *v.* LUX ET AL.

[No. 28,125.   Filed February 4, 1946.   Rehearing denied February 26, 1946.]

126

*Baker & Daniels,* of Indianapolis, and *Christian & Waltz,* of Noblesville, for appellant.

*Ruckelshaus & Ruckelshaus,* of Indianapolis, and *Cloe, Campbell & Cloe,* of Noblesville, for appellees.

STARR, J.—Appellant brought this action to condemn certain real estate under § 3-1702, Burns' 1933 (Supp.). The appellees appeared and filed objection as provided

by § 3-1705, Burns' 1933. The complaint conforms to the statutory requirements. After a finding for the appellees upon their objections, the court rendered judgment in favor of the appellees that appellant take nothing by its complaint and the said complaint was ordered dismissed and terminated. From this finding and judgment this appeal is prosecuted.

The complaint, among other things, alleges that the appellant is an Indiana corporation engaged in the business of supplying and selling water to the City of Indianapolis and its citizens and others in and about such city as a public utility, and has the authority to exercise the powers of eminent domain in the acquisition of such land as may be needed by the appellant in carrying out its business; that the appellee, Clara L. Lux, is the owner of the real estate described in said complaint, and that the other appellee, Tony A. Lux, is her husband and is made a party to the complaint to answer to his interest in such tract of land; that it became necessary for the appellant to construct a reservoir for the purpose of storing water used by the said appellant as such public utility; and that it is necessary for the purpose of construction and maintenance of such reservoir that appellant acquire in fee simple all of the land described in said complaint.

To this complaint the appellees filed two objections, first, that the property sought to be condemned is not necessary to the maintenance of such reservoir nor is such property necessary for any other project which is owned and operated by the appellant; and, second, that this suit is not brought for any purpose or activities of the appellant, but solely for the purpose of harassing the appellees and inducing them to reach a settlement with the appellant with respect to damages caused by the construction of said

reservoir to other lands of the appellees. As we construe this second objection, the same is not proper as it is but an effort to question the motive of the appellant in bringing this action. This is a question that the trial court cannot consider. *Richland School Tp.* v. *Overmyer* (1905), 164 Ind. 382, 73 N. E. 811. The only question therefore, that was determined in this case was that the property was not necessary for the purpose for which it was sought to be condemned.

The errors assigned by the appellant are that the court erred in overruling appellant's motion for a new trial; and, second, that the court erred in overruling its motion to amend the complaint, which amendment seeks to condemn less than a fee simple title to less land than was sought to be condemned in the original complaint; this motion to amend was filed at the time that the court announced its decision sustaining the objections filed by the appellees to appellant's complaint and before the court rendered judgment therein.

Appellee insists that no question is raised by the ruling on the motion for new trial, as a motion for a new trial is not contemplated in an action such as this and in support of this contention cites *Morrison* v. *Indianapolis etc., R. Co.* (1905), 166 Ind. 511, 76 N. E. 961, 77 N. E. 744, and *City of Lebanon* v. *Public Service Co. of Indiana* (1938), 214 Ind. 295, 14 N. E. (2d) 719.

If the order herein appealed from is an interlocutory order then a motion for a new trial is not contemplated; *Goldsmith* v. *City of Indianapolis* (1935), 208 Ind. 465, 196 N. E. 525; but if the same is a final judgment it must be entered in term time, *Glazer* v. *State* (1932), 204 Ind. 59, 183 N. E. 33, and in order to question the ruling on the evidence on appeal a motion for a new trial is necessary.

In the case of *Morrison* v. *Indianapolis R. Co., supra,*

wherein the court decided that the defendant was entitled to a hearing and trial upon the objections filed in the cause which raised an issue of fact, the court pronounced, by way of dictum, that the above quoted statute contemplates that all preliminary questions shall be determined and settled by the court in term time or judge in vacation before the appointment of appraisers; and that an order entered in such hearing, either for the plaintiff or defendant, would be an interlocutory order; and that said statute does not contemplate or intend a motion for a new trial in order to present for review any question growing out of the rulings or decision of the judge or court.

In the case of *City of Lebanon* v. *Public Service Co. of Indiana, supra,* which was an appeal by the plaintiff from the sustaining of the defendant's objections to the complaint, the trial court treated the objections as a demurrer and gave as its opinion that upon a finding for the defendant upon said objections, and the entering of a final judgment thereon, the same situation was created as where a demurrer is sustained to a complaint and the plaintiff refuses to plead over and that in such a case no motion for a new trial is ever necessary or proper. Neither of these cases is authority for or supports appellees' contention that a motion for a new trial was not proper or necessary to question on appeal any ruling on the evidence in this case.

In each of the cases of *City of Lebanon* v. *Public Service Co. of Indiana, supra,* and *Westport Stone Co.* v. *Thomas* (1908), 170 Ind. 91, 83 N. E. 617, a judgment such as herein rendered was referred to and treated as a final judgment.

Under a prior statute of condemnation this court, in one case, seems to have considered an order such

as herein entered as interlocutory, *Lafayette, etc., R. Co.* v. *Butner* (1904), 162 Ind. 460, 70 N. E. 529, and it has been held that in a drainage proceedings to establish and construct a drain wherein the power of eminent domain is called into exercise, a former adjudication as to the practicability and that its costs would exceed the benefits to be derived therefrom could not be pleaded as a former adjudication. *Heick* v. *Voight* (1886), 110 Ind. 279, 11 N. E. 306. See Lewis, Eminent Domain (3d Ed.) § 605 wherein the last mentioned case was cited. We note, however, that motions for a new trial have been filed without objection in similar actions. *Chicago etc., R. Co.* v. *Baugh* (1911), 175 Ind. 419, 94 N. E. 571; *State Highway Commission* v. *Sandbrink* (1939), 215 Ind. 71, 18 N. E. (2d) 382. In each of these last mentioned cases error is also assigned in sustaining objections of appellee to the appointment of appraisers.

"To be appealable as a final judgment an order or judgment must be one which finally determines the rights of the parties in the suit, or in some distinct or definite branch of it, and which leaves no further question or direction for further determination by the court." *Greathouse* v. *McKinney* (1942), 220 Ind. 462, 44 N. E. (2d) 344.

If an order does not end the entire proceedings but the same remains open for other steps, then it is interlocutory. *Roach* v. *Baker* (1891), 130 Ind. 362, 30 N. E. 310. See also *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 82 N. E. 461. So long as a cause is pending in the court below, an appeal from an order therein cannot be taken to this court as from a final judgment. *McGraw* v. *Nickey* (1911), 47 Ind. App. 159, 93 N. E. 1003.

The judgment in this case dismissed plaintiff's complaint. Such an order is a final judgment. Watson's Revision Works Practice and Forms Vol. II, § 2443; *Koons* v. *Williamson* (1883), 90 Ind. 599. Although the statute does not mention a motion for new trial yet the same was in order. "Proceedings to condemn property, in the exercise of eminent domain, strictly are not civil actions, but are actions of a special character based upon the statute by which they are authorized. However, when the civil code is applicable it may be invoked." *City of Lebanon* v. *Public Service Co. of Indiana, supra; Toledo, etc., Traction Co.* v. *Toledo, etc., R. Co.* (1908), 171 Ind. 213, 86 N. E. 54.

Appellant's second assignment of error is not well taken. This error was predicated on the refusal of the court to allow the appellant to amend its complaint as to facts after the trial court had rendered its finding. Such action could only be justified in order to make the complaint conform to the evidence. We have examined the evidence and find that the same would not have supported such complaint as so amended as there was no proof that any attempt had been made on the part of the appellant to purchase any part less than the whole of said land originally sought to be condemned, or less than the fee title interest therein; such an effort on the part of the appellant before bringing this action was a condition precedent to its right to maintain the same. *Indiana Service Corp.* v. *Town of Flora* (1941), 218 Ind. 208, 31 N. E. (2d) 1015.

The causes for a new trial are, first, that the decision of the court was not sustained by sufficient evidence; and, second, that the same is contrary to law; and,

third, that the court erred in overruling appellant's motion to amend its complaint as above set out.

As we have disposed of the third assignment in appellant's motion for a new trial we will now consider the first two of said causes. These two assignments will be considered together since only the sufficiency of the evidence is in question.

As we have indicated, the only question adjudicated in this case was that the property was not necessary for the purpose for which it was sought to be condemned; all matters in the complaint not objected to, except the right of the petitioner to exercise the power of eminent domain for the use sought or taken, are admitted unless objected to. *Root* v. *State* (1934), 207 Ind. 312, 192 N. E. 447.

An eminent authority has said, ". . . if neither the constitution nor statute requires it, the landowner cannot resist the condemnation of his property on the ground that there is no necessity for the proposed work or improvement for which it is sought, or that it will not be of any public utility, convenience or advantage." Lewis, Eminent Domain (3rd Ed.) § 597; see also *Speck* v. *Kenoyer* (1905), 164 Ind. 431, 73 N. E. 896; *The Water Works Company of Indianapolis* v. *Burkhart* (1872), 41 Ind. 364; *Smith* v. *State* (1935), 209 Ind. 80, 198 N. E. 69. And it has been held that "The delegation to a state agency of the right to exercise the power of eminent domain carries with it the authority to determine the necessity for its exercise to accomplish an authorized purpose, and the question of such necessity is not for judicial determination." *Root* v. *State, supra.*

Again it is said "The expediency of constructing a particular public improvement and the extent of the

public necessity therefor are clearly not judicial questions; but it is obvious that if property is taken in the ostensible behalf of a public improvement which it can never by any possibility serve, it is being taken for a use that is not public, and the owner's constitutional rights call for protection by the courts." 10 R. C. L. 184. "The power to condemn is not of course a power without limitations. It could not be invoked to condemn land out of all proportion to all necessities." *Chicago, etc., R. Co.* v. *Baugh, supra.* But the statute granting the power of eminent domain may make the question of necessity a judicial one. *Speck* v. *Kenoyer, supra.*

The statute granting to appellant company the right to condemn land provides that it shall condemn such land "deemed necessary to accomplish the use for which the property is taken." § 3-1713, Burns' 1933. Judged in the light of *Eckart* v. *Fort Wayne, etc., Traction Co.* (1914), 181 Ind. 352, 104 N. E. 762, which construed a somewhat similar statute, we hold that the question of necessity in this case was by statute made a judicial one.

It is not necessary, however, for the appellant to show an absolute or indispensible necessity for this taking. What is necessary land is held to be such as is reasonably proper, suitable and useful for the purpose sought. *Eckart* v. *Fort Wayne Traction Co., supra.* "A large discretion is necessarily vested in those who are vested with the power in determining what property and how much is necessary. To warrant a denial of the application, it should appear that what is sought is clearly an abuse of power on the part of the petitioner." Lewis, Eminent Domain (3rd Ed.) § 601.

In the trial of this case appellant's evidence was to the effect that in constructing said reservoir it, was

necessary for it to construct a dam across Fall Creek, which stream flows through the said land of the appellees; that said land is located above the reservoir; that said dam raised the level of said stream where it flows through appellees' land approximately four and one-half feet, and when the reservoir is full permanently floods a portion of the same and during time of high water floods a great part of the remainder; that all of said land was necessary for the uses sought; and finally, that the part of the land which did not flood was necessary for a border around said reservoir and is essential and needed.

Appellees' evidence was to the effect that there was no erosion of its land into said reservoir and that the use of the same by them did not pollute the reservoir or create any question of sanitation; and that the property was not necessary in order to have access to the reservoir. Both sides admitted that the water level of Fall Creek was raised and the land flooded as hereinbefore indicated, and that the appellees had presented a claim to the appellant for damages for such flooding prior to the bringing of this action. The appellees offered no evidence to show that the unflooded portion of the land was not necessary for the purposes for which it was sought to be condemned.

From the foregoing evidence it is undisputed that there had been a taking of that portion of the land which was flooded. *Cleveland, etc., R. Co.* v. *Vettel* (1924), 81 Ind. App. 625, 133 N. E. 605. And a necessity is shown for taking the remainder.

Although we cannot weigh the evidence to determine whether or not there was error in the court's decision that there was no necessity for the taking of this land, yet in this case, where there was no dispute that there had been a taking of a portion of the

land for a public purpose, and where proof on the part of the appellant that the remainder of the same was necessary was undisputed by the appellees, we think that there was no evidence to justify the court's decision. The motion for a new trial should have been sustained.

Judgment reversed.

Note.—Reported in 64 N. E. (2d) 790.