PEDEN v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Railroads**: RIGHT-OF-WAY DEED: COVENANT OR CONDITION SUBSEQUENT. Conditions subsequent, as they tend to destroy estates, are not favored in law, and are always strictly construed; and if it is reasonably doubtful whether a provision in a conveyance was intended as a condition subsequent or a covenant, the breach of which may be compensated in damages, it will be held to be the latter. And so, where the consideration for a conveyance of a strip of land for a right of way for a railroad was one dollar, and the deed contained this provision: "The water on the southeast side of the road to be made to run on same side of road, instead of through the cattle guards," *held* that it was a covenant running with the land. (*Close v. Burlington, C. R. & N. R'y Co.*, 64 Iowa, 149, distinguished.)

2. ———: ———: COVENANT AS TO WATERCOURSE: BREACH: ACTION BY GRANTEE. Plaintiff's grantor sold to defendant's grantor a strip of land for right of way, under a covenant, which ran with the land, that the water on the southeast side of the road was to be made to run on the same side of the road, instead of through the cattle guards. While plaintiff's grantor still owned the land, defendant constructed a culvert through the embankment, and cast the water upon the land of plaintiff's grantor on the other side of the road. *Held*, in an action by plaintiff for damages by flooding his land and crops after his purchase, that if the culvert was a permanent structure, (which was a question for the jury,) the damages were original, and that the right of recovery arose at once to his grantor for all the damages which might ever occur to the premises by reason of the structure; (Compare *Powers v. City of Council Bluffs*, 45 Iowa, 652, and *Stodghill v. Chicago, B. & Q. R'y Co.*, 53 Id., 341;) and that, inasmuch as the right of action was not assigned to plaintiff by the conveyance of the land to him, his action could not be maintained.

*Appeal from Davis District Court.*

WEDNESDAY, DECEMBER 7.

ON the 15th day of March, 1871, Joseph Peden executed

a conveyance to the Chicago & Southwestern Railroad Company, whereby he conveyed a right of way across a tract of land then owned by him. The company soon afterwards constructed a railroad on the strip of land so conveyed to it. The consideration named in the conveyance is one dollar, and the instrument contains the following provision: "The water on the southeast side of the road to be *made* to run on same side of road, instead of through the cattle-guards." The railroad was constructed in such manner through the premises that the surface-water which collected on the southeast side of the track was conducted along that side to a creek, except in times of great rain-fall, when a portion of it flowed across the track, and spread over the lands on the other side. In 1875 the defendant purchased the railroad, and since that time has operated it. In 1878 Joseph Peden sold the land to plaintiff, James M. Peden. After defendant purchased the railroad, it constructed a wooden culvert through the embankment. It also opened the cattle-guard, which was originally so constructed that no water flowed through it. These openings afforded a passage-way for the water which collected on the southeast side of the track, through which it flowed, and spread over the land on the opposite side. The openings were constructed before plaintiff purchased the land, but after his purchase defendant replaced the wooden culvert with one of much larger dimensions, which was built of stone. This action was brought for the recovery of damages for the injury which plaintiff alleges was done to his land and the growing crops thereon by the waters which flowed through said openings, after his purchase of the land. Plaintiff recovered a verdict and judgment, and defendant appeals.

*Thomas S. Wright* and *S. S. Carruthers*, for appellant.

*Paine & Eichelberger*, for appellee.

REED, J.—I. Appellant claims that the provision in the

deed is a condition subsequent, and, being a condition in deed and not in law, the right to take advantage

**1. RAILROADS: right-of-way deed: covenant or condition subsequent.**

of the breach rests alone with him who created it, and the estate to which it attaches. But the district court ruled that the provision is an independent covenant. This ruling is correct. As conditions subsequent tend to destroy estates, they are not favored in law. They are always strictly construed. And if it is reasonably doubtful whether a provision in the conveyance was intended as a condition subsequent or a covenant, the breach of which may be compensated in damages, it will be held to be the latter. But looking at the language of the present provision, and the objects which the parties had in view in the whole transaction, we think there is no doubt that it was intended as a covenant, rather than a condition attached to the estate. There is nothing in the language made use of which indicates that it was the intention that the estate conveyed should revert on the failure of the grantee to do the thing stipulated for; nor was there anything in the circumstances of the transaction indicating that such was their intention. The railroad company sought to acquire the land for use in connection with other lands, as a right of way for a line of railroad hundreds of miles in length, and the grantor conveyed it to them for that purpose.

The thing stipulated for was to be done after the road should be constructed. But when that was done, the land conveyed by the grant became a part of the road, and its forfeiture would involve a material change in the line of the road, which could only be accomplished by a great expenditure of money. Surely the parties had no such result in view when they inserted the provision in the deed. The provision is very different in its terms from the one involved in *Close v. Burlington, C. R. & N. R'y Co.*, 64 Iowa, 149. In that case the conveyance was of a strip of ground to be used for depot purposes, and the deed recited that it was made in consideration of one dollar and the permanent loca-

tion of a depot on the ground. We held that this was not a promissory undertaking by the grantee to maintain a depot on the ground for all time, but was a condition of the grant, for the breach of which the remedy of the grantor was to declare a forfeiture. In that case, by the language made use of, the grant is upon the conditions named. The land was conveyed for depot purposes, and upon condition that it should be so used. But in this the stipulation is as to a matter independent of the grant, and of the use to which the land was to be devoted.

II. The district court also ruled that the covenant is attached to the land, and that defendant is responsible for such injuries as are the consequence of its own acts in violation of the agreement. The covenant is an agreement by the covenantor that it will, for all time, maintain its railroad and appurtenances on the land in such condition that the surface-waters accumulating on one side shall be prevented from passing over onto the land on the opposite side. It concerns, then, both the land conveyed by the deed and that retained by Peden, and it formed part of the consideration for which the lands were parted with. Mr. Washburn states the rule on the subject established by the authorities in the following language: "Such covenants, and such only, run with the land, as concern the land itself, in whosesoever hands it may be, and form part of the consideration 'for which the land, or some interest in it, is parted with, between the covenantor and the covenantee." (2 Washb. Real Prop., 298.)

III. The district court gave the following instruction: "If you find that the culvert was intended to be and become a permanent part of the road-bed, then you are instructed that a right of action accrued to Joseph Peden while he was the owner of the land, if his land was injured by reason of water flowing through said culvert, at the time he suffered the first injury; and in such action he would be entitled to recover for all the damages he would sustain in the future, and he could

*2. —: —: covenant as to water course: breach: action by grantee.*

maintain but the one action. But he would not be under any legal obligation to commence such action at once. The law would give him five years from the first injury in which to commence it, if he should own the property for that time. If you find that Joseph Peden conveyed the land to the plaintiff before the five years expired, then the plaintiff would have any balance of the five years remaining in which to commence an action for any damages he sustained after the land became his, but his right to commence an action would expire with the expiration of the five years. As it is admitted that this action was not commenced within five years from the time said culvert was put in, you are instructed that plaintiff is not now entitled to recover anything for any damages he may have sustained by reason of water flowing through said first constructed culvert, if you find that said culvert was a permanent part of said road-bed."

It appears to us that this instruction announces two propositions that are in conflict. By the last clause the jury were told that if the culvert originally constructed was a permanent part of the road-bed, plaintiff could not recover, for the reason that the action was not commenced within five years after it was put in. In the preceding part of the instruction they were told that if it was a permanent part of the road-bed, then a right of action accrued to his grantor when the first injury occurred for all the damages which he would sustain in the future, in consequence of its construction, and that he could commence his action at any time within five years if he continued to own the land; but that, if plaintiff purchased the land before the expiration of five years after its construction, he could maintain an action for the recovery of such damages as he sustained after his purchase, provided he brought the same before the expiration of the five years. Standing alone, this latter proposition is that plaintiff may recover for injuries to the land after his purchase, if he brought his action before the expiration of the five years, even though the culvert was a permanent part of

the road-bed. But this is clearly in conflict with the last proposition in the instruction. It is also clearly erroneous. If the culvert was a permanent structure, the damages are original. The right of recovery for all damages which may occur to the premises arose at once. (*Powers v. City of Council Bluffs*, 45 Iowa, 652; *Stodghill v. Chicago, B. & Q. R'y Co.*, 53 Id., 341.) And the right accrued in favor of the one who owned the premises at the time, and the conveyance of the property to plaintiff did not operate as an assignment to him of the right of action.

It is insisted that the court erred in submitting to the jury the question whether the culvert as at first constructed was a permanent part of the road bed. But that clearly is a question of fact. As we reverse the judgment on the ground pointed out, we will not now consider the question whether the verdict of the jury is sustained by the evidence.

REVERSED.