## GUYNN v. WABASH WATER AND LIGHT COMPANY.

[No. 22,516.    Filed April 10, 1914.]

1. WATERS AND WATERCOURSES.—*Rights of Riparian Owners.*—Any
swelling of the water of a natural watercourse on the lands of
an upper riparian owner by the act of the lower owner is an
invasion of the rights of such upper owner, who has, and may
protect, the right to the stream in its natural condition for both
present and possible future needs.    p. 488.

2. WATERS AND WATERCOURSES.—*Obstruction.*—The obstruction of a natural watercourse by a lower riparian owner even for one hour, so as to swell the water on the land of an upper owner, will give the latter as complete a cause of action as an obstruction for any longer period of time.   p. 488.

3. WATERS AND WATERCOURSES.—*Obstruction of Lakes.*—A liability is created by causing the waters of a lake to overflow an owner's land, although its outlet is not a running stream in the usual sense, but submerges itself and filters through a bed of gravel. p. 488.

4. WATERS AND WATERCOURSES.—*Riparian Rights.—Obstruction of Stream.*—Though a riparian owner may, by means of a dam, swell water to his neighbor's line above, he cannot construct such dam so as to cause the water to overflow and injure the lands of his neighbor, or so as to prevent the lands of the latter from being properly drained, either when the water is at its usual height or in an ordinary freshet.   p. 488.

5. WATERS AND WATERCOURSES. — *Riparian Rights.* — The mere throwing the water back in the channel upon the land of an upper proprietor, though not overflowing the bank of the stream, affords a cause of action.   p. 489.

6. WATERS AND WATERCOURSES. — *Riparian Rights.* — *Overflow of Land.—Right of Action.—Slight Injury.*—The fact that the injury from damming a natural stream so as to throw the water on the land of an upper riparian owner is slight, or that the land flooded is not thereby depreciated, will not bar an action, since at least nominal damages may be recovered.   p. 489.

From Grant Superior Court; *Robert M. VanAtta,* Judge.

Action by Katherine M. Guynn against the Wabash Water and Light Company. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*D. F. Brooks,* for appellant.

*W. G. Sayre, N. G. Hunter* and *Condo & Browne,* for appellee.

SPENCER, J.—This is an appeal from a judgment for appellee rendered on conclusions of law and a special finding of facts in an action wherein appellant sought to enjoin appellee from maintaining a dam across a natural watercourse, thereby backing water upon and over lands of appellant, and to recover damages therefor.

Appellant was the upper and appellee the lower adjoining riparian owners of real estate through which flowed a natural watercourse known as Treaty Creek. On October 20, 1908, appellee constructed on its own land across such stream a concrete dam three feet in height for the purpose of ponding the waters of such creek in order to furnish its boilers with water for steam making purposes. Said dam was about 200 feet down stream from appellant's lands and so backed up the water for some 600 feet as to cover part of said lands. An eight-inch tile drain belonging to appellant empties into Treaty Creek about ten feet south of appellee's line and the mouth of said drain is tweny-four inches above the bed of the creek. The mouth of this drain was submerged to within one inch of the top, causing some damage to appellant.

Any swelling of the water of a natural watercourse on the lands of an upper riparian owner by the act of the lower owner is an invasion of the rights of such upper owner, who has the right to the stream in its natural condition, which he may protect, not only for present needs, but for possible future ones. *Ramsdale* v. *Foote* (1882), 55 Wis. 557, 13 N. W. 557; *Haas* v. *Choussard* (1856), 17 Tex. 588. One hour's obstruction would furnish as complete a cause of action as any longer period of time. *Corey* v. *Silcox* (1854), 6 Ind. 39. To cause the waters of a lake to overflow an owner's land creates a liability, although the outlet is not a running stream in the usual sense, but submerges itself and filters through a bed of gravel. *Hebron Gravel Road Co.* v. *Harvey* (1883), 90 Ind. 192, 46 Am. Rep. 199.

The general rule of property is applicable to a riparian proprietor and he is restricted in the management of his property by such rule. "So use your own as not to injure others." He cannot take the initiative and construct a dam across a stream which will cause the water to overflow and injure the lands of his neighbor, that

lie opposite or above his own premises, either when the water is at its usual height or in an ordinary freshet; or that so obstructs its flow as to prevent the land of the other riparian owner from being properly drained. *Wilhelm* v. *Burleyson* (1890), 106 N. C. 381, 11 S. E. 590. The upper proprietor has a right to protect himself from the acquisition of prescriptive rights at least, and that right is not diminished by the fact that he has no present use for his rights to their full extent. A riparian owner may, by means of a dam, swell water, when in its natural state, to his neighbor's line above, but not further, without being guilty of a wrong. *Miller* v. *Shenandoah Pulp Co.* (1893), 38 W. Va. 558, 18 S. E. 740. The water cannot be set back one foot by the lower proprietor upon the land of the upper proprietor. *Hill* v. *Ward* (1845), 7 Ill. 285. The mere throwing the water back in the channel upon the land of the upper proprietor, although it does not overflow its bank, is actionable. *Wright & Rice* v. *Moore* (1863), 38 Ala. 593, 82 Am. Dec. 731. That the injury from the setting back of water by a dam is small will not prevent the maintenance of the action. *Alexander* v. *Kerr* (1828), 2 Rawle (Pa.) 83, 19 Am. Dec. 616. The slightest flooding back caused by a dam complained of will entitle the upper proprietor to damages, nominal if the injury is very slight, compensatory if substantial. *Kemmerer* v. *Edelman* (1854), 23 Pa. St. 143. Flowing water back on the land of another is not answered by the plea that the portion flooded was not thereby depreciated in value. The law implies damages for such an act, not alone for the present injury, but also to preserve the rights of property, distinct and free from encroachment. *Graver* v. *Scholl* (1862), 42 Pa. St. 58.

Judgment reversed, with instructions to grant appellant a new trial and to proceed therewith in accordance with this opinion.

## CONCURRING OPINION.

MYERS, J.—I concur in the conclusions of the main opinion for the reason that under the evidence most favorable to appellee's contention, the fall of the tile ditch on appellant's land, is only 14 inches in 700 feet from the mouth of the tile, and the top of the dam is 6 inches higher than the bottom of the tile, so that when the water is on a line with the top of the dam, it would back the water at least 300 feet in the tile, with an increasing backing, as the water rises in the creek, even if the tile were clear, thus being a continuous wrong to appellant's rights. Injunction should lie to prevent a continuing wrong, and to avoid a multiplicity of suits.

## DISSENTING OPINION.

Cox, J.—I understand from the opinion of the majority of the court that the judgment is reversed on the ground that the trial court's conclusions of law from the facts found were erroneous. I cannot concur in the reversal on that ground. The theory of appellant's complaint both for damages and injunction was, as appears from its allegations, that "said dam obstructs the flow of the water in said creek, and flows the same back onto appellant's land and destroys the crops and grass growing thereon, and backs the water on same in such a manner that it destroys the quality of the soil, whereby appellant has been damaged in the sum of $500"; that, "all the overflow complained of is caused by the maintenance of such dam; that the damage caused by reason of the dam aforesaid is continuous and cannot be adequately compensated for in damages without continuous lawsuits." Now the court found specially the facts to be that the banks of the creek where appellant's tile drain entered it were from three to five feet high above the bed of the creek; that the tile drain had a fall of nine feet; that appellee's dam was in no way responsible for the water which stood on appellant's land but that the presence of

the water was wholly due to the obstruction of the tile of appellant's drain some fifty feet from the outlet. These facts exclude any recovery of damages on account of this standing water and appellant's complaint asks injunctive relief on no other theory. If it be conceded that the very slightest increase of the water in the stream itself, without material damage, or injury present or prospective, gives cause of action, it could be for nominal damages only without injunctive relief and a judgment will not be reversed for a failure to assess nominal damages.

NOTE.—Reported in 104 N. E. 849, 850. As to right of one landowner to accelerate or diminish flow of water to or from land of another, see 85 Am. St. 707. As to the liability for damming back water of stream, see 59 L. R. A. 817.