WAPSIPINICON POWER COMPANY et al., Plaintiffs, v. CHARLES H. WATERHOUSE et al., Defendants.

CHESTER G. BLISS, Appellant, v. WAPSIPINICON POWER COMPANY et al., Appellees.

**NUISANCE:** Damages—When Original—When Continuing. When a nuisance is permanent in its construction, and fixed, determinable, and permanent damages at once result from the very nature of such construction, the damages are original,—that is, all damages, present and prospective, accrue at once.

PRINCIPLE APPLIED: An electric power company erected a permanent concrete dam across a river, in order to generate power for its plant. In so doing, it ignored the law relative to the assessment of damages by reason of overflow, etc. Later, the company settled with a landowner for the damages to his land, which had been, to some extent, overflowed. Still later, the said owner sold his land, by ordinary warranty deed. Still later, trouble with other landowners having arisen, the company instituted what it ought to have instituted in the first place: to wit, proceedings to have assessed the damages consequent on the construction of the dam. The *grantee*, heretofore spoken of, was made a party to the proceedings, and interposed a claim for damages. *Held*, the damages consequent on the construction of the dam were *original*, and accrued, consequently, to the former owner.

**PLEADING:** Amendment—Ad Quod Damnum Proceedings. On appeal, in *ad quod damnum* proceedings, from the award of the jury, amendments are allowable, by the party instituting the

proceedings, to the effect that the damages had been fully adjusted with a former owner of the land.

FRAUDS, STATUTE OF: Real Property, Etc.—Eminent Domain—
3 Agreement to Settle Damages. An agreement to settle damages to land consequent on the construction of a dam which overflowed the land, is not within the statute of frauds.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

MAY 17, 1918.

REHEARING DENIED MAY 21, 1919.

PROCEEDING for a.license to construct a dam. The facts are fully stated in the opinion.—*Affirmed.*

*Voris & Haas,* and *E. A. Johnson,* for appellant.

*Redmond & Stewart,* for appellees.

STEVENS, J.—Plaintiffs, on March 30, 1914, instituted proceedings in the district court of Linn County, under Chapter 1, Title X, of the Code, for a license to increase the height of a dam across the Wapsipinicon River, for the purpose of providing power for an electric power plant. A dam had, for many years, been maintained across the river, a short distance above the present structure, which was erected and completed before the petition was filed.

1. NUISANCE: damages: when original: when continuing.

At the suit of property owners affected by the dam, a writ of injunction, restraining plaintiffs from overflowing their lands, had previously been issued. One F. D. Gillilan was the owner of the land in question, at the time of the completion of the dam, and Chester G. Bliss, appellant herein, is his grantee, to whom the land was conveyed before the petition was filed, in which he is alleged to be the owner. The petition is in the usual form, and sets out the names of the owners, and the description of the various tracts of land affected by the dam, and asks the appointment

of a sheriff's jury to appraise the damages to the real estate, and for a license to erect and maintain the dam at a greater height than the original dam.  A sheriff's jury was duly summoned, and made return that appellant would not be damaged by the improvement.  From this finding of the sheriff's jury, he appealed to the district court.  Plaintiffs then amended their petition, and alleged that, after the completion of the dam, and prior to the purchase of the land by appellant, Gillilan, the former owner, orally waived damages thereto on account of said improvement, and that a settlement and adjustment were made with him therefor.  At the conclusion of the evidence, the court, upon motion of counsel for plaintiffs, directed the jury to return a verdict in favor of the plaintiffs.  From this judgment, the defendant Bliss appeals.

I.  The case was tried in the court below, and is argued by appellee in this court, upon the theory that the dam, which is constructed of concrete, is permanent in its nature, character, and purpose, and that whatever damages resulted to the land in question on account thereof are permanent, and accrued to Gillilan, the owner thereof, immediately upon the completion of the dam; that the nuisance created is permanent, and will continue indefinitely, and without probable or prospective change.  This was the theory upon which evidence was received of the alleged oral waiver and settlement of damages to the land, and a verdict in plaintiffs' favor directed by the court.

While there may be an apparent lack of harmony in our decisions as to what constitutes a permanent nuisance, and just when all damages to real estate resulting therefrom must be recovered in one action, it is doubtless due largely to the great variety of structures and nuisances considered by the court in the various cases, and the possible failure to make clear the distinction between the facts in the different cases.  In *City of Ottumwa v. Nicholson*, 161

Iowa 473, the court held that a sewer constructed of material and in a manner to be permanent might, nevertheless, be ultimately removed, changed; or altered by the city in such a way as to remove or destroy the nuisance created thereby, and that successive actions for damages to the same tract of real estate could be maintained by the owner. However, the court, in *Irvine v. City of Oelwein,* 170 Iowa 653, referring to a concrete structure and damages caused thereby, said:

"As a general rule, if a nuisance is permanent in character, is intended to remain in the condition in which it was erected until destroyed by the elements, and the damages are to the land itself, especially where the erection is for a public or semi-public purpose, the damage is treated as original, to be recovered in one action, and not continuous in character."

The dimensions of the dam in question do not appear in the record, but it does appear that it is constructed of concrete, and its use and purpose to furnish power for an electric light plant leave no doubt that it will be permanently maintained, in its present form and height. The application for a license to construct and maintain a dam, and to have the damages appraised, is based upon the theory that the improvement designed is to be permanent, and the damages to real estate affected will be estimated and determined upon that basis. The measure of damages in such cases is the difference in the market value of the land immediately before and immediately after the dam was constructed.

There is also evidence that some part of the land was overflowed before appellant acquired title thereto. Under such circumstances, a completed cause of action arose in favor of appellant's grantor, which did not pass to him by the warranty deed. *Peden v. Chicago, R. I. & P. R. Co.,* 73 Iowa 328; *Irvine v. City,* supra. No claim is made by appellant that Gillilan assigned his cause of action to him.

II.    Plaintiffs, to sustain the allegations of their peti-
tion, called and examined F. J. Cross and F. D. Gillilan as
witnesses.    The substance of their testimony was that Gil-
lilan went to Cross and expressed a desire for employment,
and stated that, if same was given him, he would waive all
claim for damages to his land on account of the dam, and
make no further claim thereto.    Other witnesses who heard
the conversation corroborated this testimony.    Gillilan was
employed for a considerable time by plaintiffs, in accord-
ance with this proposition, and, Cross testified, because
thereof.    He was not paid extra wages, however, for his
services.    Gillilan, apparently, from the evidence, did not
consider the land damaged to any appreciable extent.    In
this he may have been mistaken, but that is immaterial to
the question presented.

Counsel for appellant made timely objection to the in-
troduction of the above evidence, upon the grounds that
plaintiffs had alleged in their petition that appellant was
the owner of the land, had asked the appraisal of damages
thereto by a sheriff's jury, and were, therefore, estopped
from claiming an easement or interest therein adverse to
appellant; that the damages should be determined as of
the date of the award, and not at the time the nuisance was
created; that the alleged oral agreement, if entered into,
was for an interest in real estate, within the statute of
frauds, and, therefore, parol evidence was inadmissible to
prove the same.

As stated, the dam was constructed before proceedings
were instituted for a license to do so, and a cause of action
for damages had ripened in Gillilan before he conveyed the
land to appellant, and before this proceeding was begun.
It is true that it was alleged in plaintiffs' petition that ap-
pellant was the owner of the tract in question, describing
it; but this was in connection with similar allegations as
to numerous other tracts owned by the remaining defend-

ants named in said petition. Before the trial, plaintiffs amended their petition, alleging waiver and settlement of the damages with Gillilan.

Appellant had the right, under the statute, to object to the granting of a license to plaintiffs, as well as to have the damages to his land appraised. He was, at the time the petition was filed, the owner of land through which the river passed, and was, therefore, a necessary party to the proceeding. No objections, so far as the record discloses, were filed to the application for a license, and the only claim asserted by appellant was for damages. We perceive no reason why plaintiffs, after defendant appealed to the district court, from the finding of the sheriff's jury, and a trial before a jury upon the question of damages became necessary, should be denied the privilege of amending their petition and alleging a waiver or settlement of damages with a prior owner of the land. Section 2009, Code Supplement, 1913, provides that, upon appeal, the landowner shall be treated as plaintiff. The amendment, therefore, in effect pleaded the alleged waiver or settlement as a defense. Ordinarily, of course, corporations or individuals desiring to construct a dam across a stream institute proper proceedings and obtain a license therefor before doing so; but, in the case at bar, the dam was completed, and all the damages that would result therefrom to the land accrued to appellant's grantor.

2. PLEADING: amendment: ad quod damnum proceedings.

Counsel for appellees have proceeded upon the theory that it was material and necessary for them to show either a waiver or settlement of the damages with the former own-

er.  The transaction relied upon for this
purpose by appellees was clearly not with-
in the statute of frauds.  It amounted to no
more than a waiver or settlement of Gilli-
lan's claim against them for damages to real
estate.  Appellant was not a party to the
contract, and could not, in any event, claim the protection
of the statute of frauds.  *Lamb v. Morrow,* 140 Iowa 89.

3. FRAUDS, STAT-
UTE OF: real
property, etc.:
eminent do-
main: agree-
ment to settle
damages.

But it is strongly insisted by counsel for appellant that
the damages must be assessed as of the time of the taking.
This is, no doubt, ordinarily true.  *Hartshorn v. B., C. R. &
N. R. Co.,* 52 Iowa 613; *Noble v. Des Moines & St. L. R.
Co.,* 61 Iowa 637; *Hayes v. Chicago, M. & St. P. R. Co.,* 64
Iowa 753.  And, ordinarily, in proceedings under the law
of eminent domain, damages are appraised, and must be
paid before the taking; but, in this case, the dam was con-
structed, and the right to claim damages to the land ac-
crued to appellant's grantor.  He had a perfect right to
waive his claim therefor, to accept a nominal sum, or em-
ployment, in full satisfaction and settlement thereof, and
appellant would have no cause of complaint.  Appellant
purchased the land after the dam was constructed, and, ap-
pellees contend, with full notice thereof, and after a cause
of action therefor had accrued in favor of Gillilan.  It was
certainly, therefore, competent for plaintiffs to show, by
oral evidence, that Gillilan had waived the same, or that
a settlement and adjustment had been made thereof.

The only issue triable upon this appeal was the matter
of damages to appellant's land.  The question whether a
license should be granted was triable to the court only, and
without reference to this issue.  The permission granted
by the court, under the statute, should be to erect and
maintain a dam at a given place, and at a specified height.
The proceeding is somewhat different from the ordinary
proceeding to condemn a right of way for the erection of

public buildings, or for the construction of a railroad. No right of entry upon the land is contemplated. Only the question of damages that will follow the prospective overflow of the land on account of the erection of the dam is contemplated. If the damages had fully accrued, and settlement had been made therefor, or the same had been waived by the party entitled thereto before appellant purchased the land, he would not be damaged in any respect. The dam was completed before the purchase by appellant, and no change in the situation followed the purchase.

It is also strongly urged by counsel for appellant that the evidence relating to the alleged waiver and settlement of damages is not conclusive, and that the court committed error in excluding a letter written by Gillilan to appellant, denying that he had sold or signed a written contract, or fixed a price on the land covered by overflow from the dam. Conceding that the court should have admitted the letter in evidence, it would not have created a material conflict therein. No claim was made that he had done any of the things denied in the letter. The evidence offered by appellees was to show a waiver and settlement; and, while it was not entirely harmonious, it is not controverted, and the parties to the transaction agree that some adjustment was made. The testimony of other witnesses tended to corroborate their version of the matter. No question was presented for the jury. A finding in favor of appellant upon this point by the jury could not have been sustained.

III. It does not appear from the evidence offered that a license was sought or granted to increase the height of the dam above that which existed at the time appellant purchased the land, or that any change was permitted therein, or that additional water will be cast upon the land, or that same will be damaged in a manner different from or to a greater extent than it was prior to the conveyance thereof to appellant. The evidence offered upon the measure of

damages was of the difference in the market value of the land before and after the construction of the dam. Some stress is put upon the claim by counsel for appellant that the grant of an easement is of an interest in real estate. That this is so may be conceded, and has been so held by this court; but the effect of a waiver or settlement of Gillilan's claim for damages would be equivalent to a grant. The damages caused to the land by the dam were of a permanent nature, included all claims for damages thereto, and successive actions therefor could not have been maintained. All must have been recovered in one action. It therefore necessarily follows that appellant could, at most, have suffered nominal damages only. He purchased the land after the dam was completed, and all the damages that would result therefrom had accrued to his grantor, for which the evidence shows there was a settlement with him—perhaps a foolish and unbusinesslike settlement, but with that, appellant is not, in this proceeding, concerned.

We discover no error in the record, and the judgment of the court is—*Affirmed*.

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.