## Sebree, Appellant, v. Huntingdon Water Supply Co.

*Water companies—Damages to land and crops—Raising of dam —Eminent domain—Evidence—Burden of proof—Negligence— Transitory damages—Trespasser — Floodgates—Spillways—Necessity for—Judicial notice.*

1. Where a water company, having the right of eminent domain, constructs a dam as a permanent structure upon its own land, the injury caused to other land is in its nature permanent, and the right of action therefor vests in him who owned the land when the dam was built. The proper measure of damages, in such case is the difference in the market value of the land affected thereby before and after the obstruction of the stream, to which may be added damages for delay, as in other like cases; and that is the

proper measure of damages even where the water company takes no steps to condemn the land.

2. The same rule applies where an existing dam is permanently increased in height to the damage of riparian owners. In that case, a riparian owner is not entitled to such damages unless it appears that he purchased his land after the dam was raised; and he is limited to such damages only as result from the proper construction and operation of the dam, and not from the water company's negligence. For the latter he may recover transitory damages to land and crops, but the burden of proof is upon him to show the negligence of the water company.

3. In such case, mere proof that there were no floodgates or spillways in the dam, is not evidence of negligence, when plaintiff fails to prove the necessity of any, or that their absence in any manner contributed to his injury. The court cannot take judicial notice of the necessity for these appliances in the dam in question, and properly withdraw that question from the jury.

4. If the water company had been a mere wrongdoer, without the right of eminent domain, it would be liable for transitory damages on the ground of nuisance, regardless of the question of negligence.

5. In an action of trespass by an upper riparian owner against a water company having the right of eminent domain, which it had not exercised, to recover damages for permanent injuries to plaintiff's land by reason of the raising of a dam, keeping the land water-soaked and untillable, and for transitory damages to his crops and lands, where the evidence is conflicting as to whether the height of the dam had been increased after plaintiff's purchase of his land, and there is no evidence of negligence in the construction and operation of the dam, the trial court commits no error (1) in submitting to the jury the question of permanent injuries, with instructions that, should they find for plaintiff thereon, they should award him such damages, if any, as the increased height of the dam had caused to the market value of his land; and (2) in taking from them the question of transitory damages to the crops and of damages claimed by reason of the water company's alleged negligence.

6. In such case, the question of transitory damages for injury to the crops cannot be submitted to the jury as a separate item of damages, although a decrease in the productiveness of the soil, from its alleged water-soaked condition, is proper for the consideration of the jury as affecting the permanent injury to the land.

Argued April 19, 1920.   Appeal, No. 236, Jan. T., 1920, by plaintiff, from judgment of C. P. Huntingdon Co., Sept. T., 1917, No. 27, on verdict for defendant, in case of J. Emmett Sebree v. Huntingdon Water Supply Company.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Affirmed.

Trespass to recover damages for injury to land and crops.   Before BAILEY, P. J.

The facts are stated in the opinion of the Supreme Court.   See also Sebree v. Huntingdon Water Supply Co., 72 Pa. Superior Ct. 553.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned,* among others, was in refusing binding instructions for plaintiff "for such damage as he has sustained to lands, crops or fences."

*L. H. Beers,* with him *H. W. Petriken,* for appellant. —Plaintiff was entitled to have his whole case go to the jury: Irving v. Media Borough, 194 Pa. 648; Casebeer v. Mowry, 55 Pa. 419; Rider v. York Haven W. & P. Co., 242 Pa. 141; Duffy v. York Haven W. & P. Co., 242 Pa. 146; McCoy v. Danley, 20 Pa. 85.

*Samuel I. Spyker* and *Jas. S. Woods,* for appellees, cited: Shaffer v. Penna. Co., 265 Pa. 542; Miller v. Buffalo, etc., R. R., 29 Pa. Superior Ct. 515; Sebree v. Huntingdon Water Supply Co., 72 Pa. Superior Ct. 553; Berninger v. Sunbury, Hazleton, etc., R. R., 203 Pa. 516.

OPINION BY MR. JUSTICE WALLING, May 10, 1920:

The defendant is a duly incorporated water company, engaged in supplying water to the Borough of Huntingdon and its inhabitants.   Its source of supply is a brook called Standing Stone creek; across this defendant's

predecessor constructed a dam in 1885, which was reconstructed ten years later on the same site. In 1912 plaintiff bought a seven-and-one-half-acre piece of land bordering on the creek, some three hundred feet above the dam, which was used for farming and gardening, but possibly had a value also for building lots. In 1917 he brought this action in trespass, averring, inter alia, that in 1913 defendant raised the dam 26 inches in height, which had caused the water in the creek to fall back against and upon plaintiff's land, preventing its drainage, keeping it water-soaked and untillable; also destroying his crops and doing additional damage in times of floods, etc. These averments were supported by the evidence on his behalf but denied by that of defendant. The dam was a permanent structure, 139 feet long and less than four feet high, and a controlling question was whether its height had been increased since 1912; as to that there was a sharp conflict in the evidence. The trial judge submitted this question to the jury with instructions that, should they find for the plaintiff thereon, to award him such damages, if any, as the increased height of the dam had caused to the market value of his land; but took from them the questions of transitory damages to the crops and of damages claimed by reason of defendant's alleged negligence. The verdict was for the defendant, and, from judgment entered thereon, plaintiff brought this appeal.

The case was well tried. Defendant, as a public service water company, had the right of eminent domain, but did not formally exercise it in this case, and its waterworks system, including this source of supply, was permanent in its nature. True, the dam might need repairs or rebuilding from time to time but it was on land of the water company and intended as a permanent structure. So, whatever injury it caused to land along the stream, was in its nature permanent, and the right of action therefor vested in him who owned the land when the dam was built. The proper measure of dam-

ages in such case is the difference in the market value of the land affected thereby before and after the obstruction of the stream, to which may be added damages for delay, as in other like cases; and that is the proper measure of damages even where the water company took no steps to condemn the land: Shaffer v. Pennsylvania Co., 265 Pa. 542; Rider v. York Haven Water & P. Co., 255 Pa. 196; Same v. Same, 251 Pa. 18; Wagner v. Purity Water Co., 241 Pa. 328; Sebree v. Huntingdon Water Supply Co., 72 Pa. Superior Ct. 553. The same rule applies where an existing dam is permanently increased in height to the damage of riparian owners: Irving v. Borough of Media, 194 Pa. 648. The verdict in the present case was based upon a finding that the dam was not raised subsequent to plaintiff's purchase, which is strongly supported by the evidence, or, if it was, that it did not depreciate the value of his land.

Plaintiff urges that the question of transitory damages for injury to his crops should have been submitted to the jury; but it could not properly be done as a separate item of damages; however, a decrease in the productivity of the soil, from its alleged water-soaked condition, was proper for the consideration of the jury, as affecting the permanent injury to the land.

The damages which plaintiff could recover were such only as resulted from the proper construction and operation of the dam and not from defendant's negligence. For the latter plaintiff might recover transitory damages to land or crops. However, the burden of proof was upon him to show such negligence (Berninger v. Sunbury, etc., R. R. Co., 203 Pa. 516) and there his case failed, for there was no evidence to support a finding of negligence in the construction or operation of the dam. True, he proved there were no floodgates or spillways in the dam, but failed to prove the necessity for any, or that their absence in any manner contributed to his injury, while the only evidence relating to that question was to the contrary. The court could not take judicial

notice of the necessity for such appliances in this dam, and properly withdrew that question from the jury. Had defendant been a mere wrongdoer, without right of eminent domain, it would be liable for transitory damages on the ground of nuisance, regardless of the question of negligence: Stokes v. Penna. R. R. Co., 214 Pa. 415.

The case of Sebree v. Huntingdon Water Supply Co., supra, was an appeal to the Superior Court from the judgment on a former trial of this case, and the questions here involved are there elaborately discussed in an opinion by the late Judge WILLIAMS.

The assignments of error are overruled and the judgment is affirmed.