Cleveland, etc., R. Co. *v.* Vettel—81 Ind. App. 625.

## CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* VETTEL.

[No. 10,072.   Filed January 6, 1922.   Rehearing denied December 8, 1922.   Transfer denied June 27, 1924.]

1. APPEAL.—*Motion for Judgment on Answers to Interrogatories.—What Considered on Appeal.*—In reviewing the action of the trial court in overruling a motion for judgment on the answers to interrogatories, the appellate tribunal can consider only the issues, the verdict and the answers to the interrogatories, and where the verdict was for the plaintiff, the answers must cover every averment of the complaint.   p. 627.

2. EMINENT DOMAIN.—*Impounding Water by Dam.—When Taking of Land is Effected.*—The building of a permanent dam for the impounding of water so as to create a reservoir fixes a permanent water-level at the height of the spillway of the dam, and the construction of the dam constitutes a taking, · at that time, of all lands below such water-level liable to be submerged by the rise of the water in the reservoir.   p. 632.

3. EMINENT DOMAIN.—*Impounding Water by Dam.—Damages to Land Liable to be Submerged.—Recovery Thereof.*—Where a dam and spillway were constructed across a natural watercourse for the purpose of impounding the water thereof and thereby creating a reservoir, the then owners of land liable to be submerged by the rise of the water in the reservoir, and they only, could recover the damages to their land by the construction of the dam.   p. 632.

4. EMINENT DOMAIN.—*Right to Damages by the Appropriation. —Does Not Pass to Grantee.*—The right of action for damages by the appropriation of land under the power of eminent domain is vested in the owners at the time of the appropriation, and although the right is not asserted by them, it does not pass by their conveyance of the land to their grantee.   p. 632.

5. EMINENT DOMAIN.—*Impounding Water by Dam.—Damages to Land by Raising the Dam.—Amount of Recovery by Landowner.*—The purchaser of land below which had been constructed a dam across a watercourse, for the purpose of impounding the water thereof and thereby creating a reservoir, may recover damages for an additional taking of his land caused by reconstructing the dam a foot higher, whereby the water in the reservoir was caused to rise higher than before, to the extent of the diminution of the value of his land as affected by such additional taking only.   p. 633.

6. EMINENT DOMAIN.—*Impounding Water by Dam.*—*Damages to Landowner by Raising Dam.*—*Verdict for Plaintiff Not Sustained.*—In an action for damages for an additional taking of land by the reconstruction of a dam a foot higher than originally constructed, a verdict for the plaintiff was not sustained, where the jury, in answer to an interrogatory, found that the height of the dam was never raised. p. 633.

7. TRIAL.—*Instruction as to Preponderance of Evidence.*—*Approved.*—An instruction as to preponderance of the evidence that such preponderance does not depend on the number of witnesses, but upon the weight of the evidence, and means the greater weight of the evidence, was approved. p. 634.

8. EMINENT DOMAIN.—*Action for Damages.*—*Evidence of Value Years After Appropriation.*—In an action for damages to land from the construction of a dam across a watercourse, and for an additional taking by a subsequent increase of the height thereof, testimony as to the depreciation in value of plaintiff's farm several years after the construction of the dam was incompetent on the claim for the original taking, and, not being limited to the value as affected by the additional taking, was incompetent thereon. p. 635.

9. EMINENT DOMAIN.—*Action for Damages.*—*Evidence as to Improvements.*—*Admissibility.*—In an action for damages to land from the construction of a dam across a watercourse, evidence by plaintiff as to the amount of money expended by him for improvements on his farm after he became the owner was improperly admitted. p. 635.

From Bartholomew Circuit Court; *John W. Donaker,* Judge.

Action by Theodore Vettel against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Frank L. Littleton, Thomas E. Davidson* and *Baker, Richman & Neible,* for appellant.

*George L. Tremain, Rollin A. Turner* and *Spaugh & Spaugh,* for appellee.

ENLOE, J.—This action was brought by the appellee to recover damages alleged to have been sustained to his real estate, by reason of water being backed up and

thrown thereon by a certain dam constructed by appellant upon its own lands for the purpose of impounding the water and thereby creating a lake or reservoir as a source of water supply. The said dam and reservoir are located in Decatur County near the city of Greensburg.

The cause was tried upon a complaint in two paragraphs, third and fourth, and answers in general denial thereto, and also an affirmative paragraph of answer to said third paragraph of complaint, and resulted in a verdict for the appellee. With their verdict, the jury also returned answers to certain interrogatories submitted by the court. The appellant unsuccessfully moved for judgment in its favor upon such answers, and also for a new trial, and now prosecutes this appeal, and has presented for our consideration the denial of each of said motions.

It is so well settled as to need no citation of authority that, in considering the action of the trial court upon a motion for judgment *non obstante,* we

1. can look *only* to the issues, the verdict, and the answers to interrogatories; and, under this rule, we cannot say, in this case, that the court erred in overruling said motion by appellant for judgment in its favor. *Tested by the averments of the complaint,* we cannot say that the answers, as given—they not covering all the material issues presented by said complaint— are in irreconcilable conflict with the general verdict.

The action of the court in overruling the motion of appellant for a new trial presents entirely different questions. The specifications in this motion presented on this appeal, are, in substance: (1) That the verdict is not sustained by sufficient evidence, and is contrary to law; (2) error in refusing to give certain requested instructions; (3) error in giving certain in-

structions; (4) error in admitting certain testimony; and (5) that the damages are excessive.

The material averments of the third paragraph of complaint were, in substance, that the appellee was the owner of certain described land; that the natural watercourse, with well defined bed and banks, ran through his land draining it; that the waters in said watercourse flowed across appellee's farm from the northeast to the southwest, leaving said lands on the west side thereof; that, for the purpose of draining his premises, appellee had constructed a system of underground tile drainage, which system had its outlet in said watercourse, and which outlet was good and sufficient for the draining of appellee's land; that the appellant owned a large tract of land immediately adjoining appellee's land on the west and extending to the southwest therefrom; that said natural watercourse, after leaving appellee's land, flowed onto and across the lands of appellant; that the appellant, for the purpose of gathering water and establishing a water station for its railroad, on November 24, 1909, and about 160 rods below the point where said natural watercourse leaves the land of appellee and enters upon those of appellant, carelessly and negligently erected and caused to be erected a large dam of earth and concrete construction across said natural watercourse; that the concrete portion of said dam consisted of a large concrete spillway in the channel of said natural watercourse; that said appellant carelessly and negligently constructed said spillway only thirteen feet in width; that said spillway is insufficient to permit the proper flow of water over and through said dam; that said dam and spillway are permanent in their character, and have the effect to and do obstruct the flow of water in said natural watercourse, and, by reason thereof, and as a result thereof, the said appellant has carelessly and negligently created

a large lake and reservoir containing approximately forty acres of waters; that by the careless and negligent construction, and the maintenance of said dam and spillway, said dam and spillway obstruct the flow of water in said natural watercourse and back the .same onto the land of appellee, above described, and cause the water in said natural watercourse on appellee's said land, to rise to the top of the banks thereof and overflow said lands and to entirely submerge the appellee's said tile drains at their outlets; that by reason thereof, said tile drains do not properly drain appellee's land; that the water is backed into said tile drains and does not flow freely into said natural watercourse, but remains still and sluggish, and sediment and debris have settled in the bottom of said natural watercourse, upon appellee's land, and have thereby obstructed the outlet of said tile drains emptying into said natural watercourse; that by reason of said negligent construction and maintenance of said dam and spillway, and the negligent obstruction of said watercourse, as aforesaid, said system of tile drainage has become practically worthless; that, by reason of the negligent construction of said dam and spillway, the water backs on appellee's land for a distance of more than forty rods, covers a large portion of appellee's land, and as a result thereof and the aforesaid obstruction of his drains, his entire farm has become wet and greatly reduced in value; that, before the erection of said dam and spillway, said natural watercourse afforded good and sufficient outlet and drainage for appellee's land and said tile drains; that the injuries complained of are caused wholly by the appellant's negligence and carelessness as aforesaid, and by appellant's wrongful act in the construction and maintenance of said dam and spillway across said natural watercourse as aforesaid; that if said dam had been carefully constructed and maintained by appellant,

it would not have obstructed the water in said natural watercourse upon the appellee's said land; that the use of said land by the appellant is wholly unnecessary to the maintenance of its said reservoir; that said dam was negligently and carelessly constructed to the height of at least one foot more than is necessary to hold and maintain sufficient water for the appellant's use, and if the same were one foot lower than it is now maintained, it would not obstruct the appellee's said land; that appellant carelessly and negligently constructed said spillway of a width of only thirteen feet, which was entirely insufficient to permit the flow of water from said reservoir; that said spillway should have been constructed at least twenty feet in width, to have permitted the flow of the volume of water passing down and through said natural watercourse; that the appellant knew, at the time said spillway was constructed, that it was insufficient to permit the free flow and passage of water in said natural watercourse; that the obstruction and overflow of appellee's said land is caused wholly by the carelessness and negligence of said appellant in the maintenance of said dam and spillway as aforesaid, and without any fault or negligence on the part of this appellee; that said injuries are permanent and continuing, and greatly reduce the value of the appellee's said land.

In said paragraph of complaint, it is further averred, that said appellant carelessly and negligently, without right and unlawfully, entered upon, took possession of, and appropriated appellee's said land for reservoir purposes, as aforesaid, without in any manner acquiring the right to appropriate said land, and without any condemnation proceedings as provided by the statute in the State of Indiana, and without the consent of this appellee, and is continuing to appropriate, use and injure appellee's said land, without his consent or without

any compensation therefor, and without any assessment of damages in any manner or form; that the appellant has thus wrongfully and continuously used and appropriated said land since April ——, 1911, and now holds, occupies, and appropriates said land to appellee's damage. There was a prayer for damages in the sum of $8,000.

The fourth paragraph of complaint is similar to the third, except that, in said fourth paragraph, there is the additional averment that, in the spring of 1913, said dam and spillway were washed out and destroyed in a flood caused by the unusual rains at that time; that during the summer of 1913, said appellant carelessly and negligently rebuilt and reconstructed said dam and spillway, and caused the same to be erected at least one foot higher than it had formerly been constructed; that the appellee was the owner of said real estate and was occupying the same at the time the appellant caused said dam and spillway to be rebuilt; that in the rebuilding of said dam and spillway, appellant purposely and wantonly disregarded the rights of appellee, and carelessly and negligently raised said dam and spillway to the height of one foot, and thereby caused the water in its said reservoir to rise one foot higher than it had risen before the reconstruction of said dam and spillway, and, by reason thereof, the appellant negligently caused the water in said reservoir to back onto and cover the appellee's said land to a depth of one foot more than it had stood before said dam and spillway were reconstructed.

Upon the trial of this cause, no evidence was introduced concerning the insufficient width of the spillway in question. The case was tried upon the theory of an original wrongful taking and appropriation of appellee's land, by the building of the dam and thus causing the water, by the raising of the level thereof, to

overflow the lands of appellee, to his damage in the particulars alleged.

It is charged in the complaint that the dam in question was constructed in 1909. There is no conflict in the testimony upon this point, and no controversy about the reservoir having been first filled about March, 1910. The testimony all shows that the dam and spillway erected in 1909 was erected as, and intended to be, a permanent structure for the impounding of water and creating the reservoir in question. Water seeks its level, and when at rest in a pond or reservoir, the surface thereof is level. It necessarily follows that when the dam and spillway were constructed in 1909, the height of the spillway, *as then constructed*, fixed the permanent water-level for said reservoir. This level having been then so permanently fixed, constituted a taking at that time of all lands below such water-level and liable to be submerged by the rise of the water in said reservoir, to said level so fixed. *Guynn* v. *Wabash, etc., Light Co.* (1914), 181 Ind. 486. At the time of the construction of said dam and spillway in 1909, as found by the jury in answer to an interrogatory, one Hornung and his wife were the owners of the land described in appellee's complaint, and continued to be such owners until January, 1911. This being true, the Hornungs had a right of action against appellant for the damage they had sustained by the taking, and consequent injury to their farm, upon the completion of said dam and spillway, in 1909. The appellant, as a railroad corporation, had a right to take and appropriate the lands in question for its uses, under the power of eminent domain. It built such dam and spillway on its own land for the purpose of impounding the water, so that it might use the same in its business, as such company. The dam and spillway having been built under authority of law, was not abatable

as a nuisance, in an action by the then owners, but they had their action to recover any damages by them sustained, the measure of their damage being the difference in the value of the said farm immediately before the construction of said dam and spillway and the value thereof immediately upon the completion of said dam and spillway, as such value may have been decreased by the construction thereof. This right of action was in the Hornungs. They could assert it or waive it as they chose, but, on their failure to assert such right, it did not pass by their deed to the appellee herein, as the rule is that damages to land, remaining uncollected, do not pass to a vendee. *Indiana, etc., R. Co.* v. *Allen* (1885), 100 Ind. 409. When appellee purchased the land in question, the dam, spillway and water in said reservoir were there, and, as said in the Allen case, *supra*, it is but fair to presume that the price of the land was affected thereby. It, therefore, necessarily follows that, so far as any damage to said farm of appellee, caused by said work done in the original construction of said dam and spillway were concerned, the appellee has no cause of action. *Illinois Central R. Co.* v. *Lockhard* (1903), 112 Ill. App. 423; *Wapsipinicon Power Co.* v. *Waterhouse* (1918), 186 Iowa 524, 167 N. W. 623; *Sebree* v. *Huntingdon, etc., Supply Co.* (1920), 267 Pa. 420, 110 Atl. 142.

The fourth paragraph of complaint alleges that, in the spring of 1913, said dam and spillway were washed out, and that thereafter appellant reconstructed them, "and caused the same to be erected one foot higher than it had formerly been constructed", and that the appellee was then the owner of and in possession of said lands, and that, by reason of such construction, the waters were caused to rise higher than before, etc. Proof of these facts would entitle the appellee to damages, as for an additional

taking, by appellant, of the lands of the appellee, and the measure of appellee's damage would be the diminution in the value of said land, *as affected by such additional taking only*. However, the jury, in answer to an interrogatory found that the height of the dam and spillway were never raised after their original construction, and this finding was fatal to any claim of the appellee based upon a supposed additional taking of land under said fourth paragraph. We, therefore, conclude that the verdict of the jury is not sustained by sufficient evidence.

The appellant, at the proper time, tendered and requested the court to give to the jury certain instructions, and to the refusal of the court to give said instructions, it duly excepted. We do not deem it necessary to discuss said tendered instructions in detail. Those numbered severally 1, 4, 6, 7, 8, 9, 11, 12, 15, and 17 were, as applied to the facts of this case, as shown by the evidence, in harmony with the views herein expressed, and should have been given. There was no error in refusing to give other tendered instructions, which were refused, said instructions not being accurate statements of the law, as applied to the facts of this case.

Complaint is also made of the second instruction given by the court of its own motion, said instruction being as follows: "The preponderance of the evidence does not depend upon the number of witnesses and does not mean the greater number of witnesses. It does depend upon the weight of the evidence and means the greater weight of the evidence." This instruction has been approved as being correct by our Supreme Court. *Davis, Exr., v. Babb* (1920), 190 Ind. 173.

Complaint is also made of the admission of certain testimony, over the objection of appellant. What we

have already said is sufficient to show the in-
**8, 9.** competency of the said testimony. It could
furnish no proper basis for estimating any dam-
age as having been sustained by appellee under the
averments of his complaint, and could only tend to con-
fuse the jury. The witness was asked as to the value
of appellee's said farm in the spring of 1913. This was
not material or competent under the third paragraph of
complaint, for the alleged taking occurred in 1909, or at
least early in the spring of 1910. Nor was it competent
under the fourth paragraph of complaint, on the theory
of an additional taking in 1913, because it was not
limited to the value of said farm as affected by such
additional taking. As a basis for estimating damages,
it would have permitted a recovery for the damage sus-
tained by the taking in 1909, as well as by the alleged
taking in 1913. It was also error to permit appellee
to testify concerning the amount of money expended by
him for improvements after he became the owner.

For the errors above indicated, this cause is reversed,
with directions to the trial court to sustain appellant's
motion for a new trial, and for further proceedings not
inconsistent with this opinion.

Dausman, C. J., Batman, P. J., and Nichols, Mc-
Mahan, and Remy, JJ., concur.